THOMAS P. FAITH, Appellant, v. HOME LIFE INSURANCE COMPANY OF NEW YORK, a Corporation, and J. W. CAMP, Respondents.

Springfield Court of Appeals, January 18, 1919.

1. **TRIAL: Directed Verdict: Evidence: Sufficiency.** Where plaintiff's own testimony clearly showed that he was not entitled to recover, a directed verdict is proper, notwithstanding plaintiff thereafter attempted to testify to the contrary, on the ground hat he had not been feeling well when he first testified.

2. **INSURANCE: Life Insurance: Contracts: Repudiation.** Where an application for a life policy was taken in October, and the policy delivered in less than a month, the insured, though he could not read nor write, is not entitled, it appearing the policy was read over to him by the agent, and that his wife could read, to repudiate the contract three months later, on the ground the policy did not contain agreed stipulations.

5. ———: ———: **Repudiation of Policy.** Where insured claimed that a life policy did not contain provisions agreed upon, but he made no attempt to repudiate it for several months after receipt, he cannot excuse his failure to sooner act on the ground that the agent told him that, if at any time he became dissatisfied with the policy, he could return it and get his money back, for the contract, which was reduced to writing, contained no such agreement, and it was the insured's duty to ascertain whether that provision was incorporated in the policy as well as the others.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,* Judge.

AFFIRMED.

*Hill & Phillips* for appellant.

*Sheppard & Sheppard* for respondents.

FARRINGTON, J.—The plaintiff in a petition filed in the Circuit Court of Butler County sought to recover judgment for $207, which he alleges was paid to the defendants under false and fraudulent representations made in procuring him to take a life insurance policy. At the conclusion of the evidence introduced by the plaintiff, the court directed a verdict for the defendants. The judgment was accordingly rendered, and it is from the court's action in directing a verdict that the plaintiff assigns error.

The facts in this case, stated in their most favorable light for the appellant, are about as follows: That the defendant's agent, Camp, co-defendant, together with other representatives of the company, induced him to sign an application for insurance, representing to him, first, that in case of any sickness he would be paid a stipulated monthly sum during the period of his illness; that the policy issued by this Company was guaranteed by the United States Government, which statements were false and fraudulent and were not contained in the policy which was afterwards delivered to the plaintiff and for which he paid the sum of money he now seeks to recover. He further states that the defendant's agent, Camp, told him that if at any time after the policy had been issued, he, the plaintiff, became dissatisfied with it he could return it and the Company would pay back the money that he had paid for the policy. There is some evidence tending to prove that these statements were made by Camp, the soliciting agent. The application signed by the plaintiff, however, contains no such provisions neither does the policy which was issued and delivered to the plaintiff contain any such conditions or provisions.

It is shown that plaintiff is an ignorant man and cannot read nor write. His testimony, however, as to the statements made by the Company's agent and co-defendant Camp, are at most very unsatisfactory, as he testifies positively, and apparently from the record with-

out confusion or doubt, that while Camp told him that
the Company would do the things which he now com-
plains of because they were not done, yet, they were
not to be embodied in the written contract for insur-
ance.   This testimony was given on one day of the
trial and on the following day, in closing the case, he
goes upon the stand and testifies that he had not gotten
his testimony straight the day before on account of
being sick, and that in the night it had come to his
mind that Camp had stated that the policy would con-
tain a provision that he would draw $42.50 a month
sick benefit if he were disabled from work in any way.
This is a flat contradiction of his testimony of the
day before; and he testified further that he talked
to no one, and did not tell his lawyers concerning this
correction which he wanted to make, except that he
told the lawyers that he was feeling better that morning
and been sick the day before and wanted to show
some matters that had been called to his attention by
other witnesses.

Where a plaintiff testifies, and his testimony ap-
pears to be given clearly, intelligently, and without any
doubt upon a given subject, the questions and answers
being free and clear from confusion or astute artifice,
which testimony is a bar to plaintiff's cause of action,
it seems to the writer of this opinion that it would be a
travesty upon justice to permit that plaintiff under
the guise of stating that he had not felt well when he
had testified positively, and apparently intelligently in
the first instance, to go on the stand again and absolute-
contradict his former testimony, which latter testimony,
would, in the absence of his former testimony, be some
evidence which would tend to sustain his cause of
action.

But this judgment does not have to be affirmed
solely on that ground, because plaintiff's testimony
shows that the application for this insurance was
taken on October 30, 1917; that the policy under the
application was delivered to the plaintiff about Novem-

ber 20, 1917; that it was read over to him by Mr. Camp on the night of the delivery, and the plaintiff's wife read the policy over. That some time after its delivery he realized, in talking to a neighbor whose son had a similar policy, that the provisions the plaintiff claimed and represented would be in his policy were not there; that it was probably a month and a half before he investigated it, and that in February following he turned the policies over to Mr. Hill, his attorney, who took them to Camp's office for the purpose of returning them and demanding back the money that had been paid. Under the authorities in this State, it is the plain duty of any one who enters into a contract to within a reasonable time investigate its contents and see if the contract contains the provisions which it has been represented to him it would contain. If he cannot read himself, he must get some one to read it over to him. In this case, it is admitted that plaintiff's wife could read, and did read it over. [See First National Bank v. Hall, 129 Mo. App. 286, 108 S. W. 633; Deming Investment Co. v. Wasson, 192 S. W. 764.]

In the case of Lierheimer v. Life Insurance Company, 122 Mo. App. 374, 99 S. W. 525, this question of rescinding on acount of fraudulent representations made by an agent is thoroughly discussed and the authorities reviewed, and there it is held that when the plaintiff's evidence showed that he received the policy on September 23rd, and that he immediately read the policy and discovered that it was not what he contracted for, and he took no action until the 19th day of October following, was such delay on this character of a contract as would in law be a bar to his recovery. [See, also, American Ins Co. v. Neiberger, 74 Mo. l. c. 173; Bostwick v. Mutual Life Ins. Co., 116 Wis. 392, 89 N. W. 538, 67 L. R. A. 705; Bostwick v. Mutual Ins. Co., 92 N. W. 246; McMaster v. N. Y. Life Ins. Co., 99 Fed. 856. See, also, 6 Cyc. 300.]

On contracts of insurance, the reason for prompt action on the discovery of an alleged fraud, above all other contracts calls for speedy repudiation, because the position of the parties changes day by day; the contract as it stands is in full force, and the Company is obliged to pay if any of the conditions happen upon which liability rests, and each day that the policy which is issued runs and is in force constitutes a consideration moving from the Insurance Company to the assured.

The argument made by appellant, based on the testimony of plaintiff that Camp, the agent, told him that if at any time he became dissatisfied with the policy he could return it and get his money back lured the plaintiff into non-action, is of no avail here for the reason that the contract here was reduced to writing—it was not within the written contract, and 'it was as much the plaintiff's duty to promptly ascertain whether that was in the policy as it was to ascertain whether the other provisions which he claims were represented as being in the contract were there.

Under the record before us the judgment should be affirmed, and it is so ordered. *Sturgis, P. J.,* and *Bradley, J.,* concur.