FARMERS MUTUAL HAIL INSURANCE COMPANY, a Corporation, Appellant,

v.

H. K. KIER, Respondent.

No. 22458.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1956.

"I hereby agree to pay all just assessments, not to exceed 2½ percent of the amount of this policy in any one crop season, and be governed by the Articles of Incorporation and By-Laws of the Company in force at this time or that may become in force during the continuance of this insurance, to which Articles of Incorporation and By-Laws reference is had and which are to be taken as incorporated herein. In case it becomes necessary to collect an assessment by law, I agree to pay a reasonable attorney's fee, and it is agreed that the Company shall not be bound by any representations of the Agent not contained in the contract or the printed matter put out by said Company."

The policy of insurance discloses that the assessments are provided for as in the application, as well as an attorney's fee, and that "the Company shall not be bound by any representations of the agent not contained in the contract or printed matter put out by the Company."

Carroll N. Bryson, Centralia, for appellant.

Robison & Miller, Maysville, for respondent.

BROADDUS, Judge.

Plaintiff sued defendant, H. L. Kier, for an alleged assessment of $42 and penalties of $4.48, arising from a policy of hail insurance issued by plaintiff company to defendant. Plaintiff also sought an attorney's fee of $35. There was a verdict and judgment for defendant. Plaintiff has appealed.

Defendant is a farmer. On May 13, 1943, a Mr. Worthington, an agent of plaintiff company, called on defendant and the latter signed an application for hail insurance in plaintiff company. The application stated: "This insurance is for a term of five crop seasons, from noon on the 13th day of May, 1943." Worthington sent the application to plaintiff's office at Columbia. A policy was issued and sent to defendant. The policy also stated that the insurance was for a term of *five* crop seasons from May 13, 1943.

Among other things, the application stated:

Defendant testified that he told the agent Worthington, at the time he signed the application that he only wanted the insurance for a term of *one* year, or for the 1943 crop season. Defendant admitted that he signed the application. He said he did not read it. He admitted that he received the policy. He did not read it either. In fact, he did not even open the envelope in which the policy was contained.

Defendant paid the assessment for the year 1943. He did not pay the assessment for 1944, which, as stated, is the basis of this suit. It was stipulated at the trial that three notices of this assessment were mailed to and received by defendant in the fall of 1944.

From the above it is clear that defendant had no valid defense to this action. In the case of Evers v. Brotherhood of Railroad Trainmen, Mo.App., 172 S.W.2d 899, 903, this court said:

"After reading all the cases cited by plaintiff and defendant and other cases not

cited, we conclude that it was the duty of Huffstutter to read and examine the certificates and the constitution, both of which he had, within a reasonable time after the certificate was received, and by his failure to do so, he will be deemed to have accepted the certificate as issued. This seems to have been the accepted rule in Missouri since the early case of American Ins. Co. v. Neiberger, 74 Mo. 167. In that case, 74 Mo. at loc. cit. 173, the Supreme Court said: 'When the application does not attempt to set forth all the provisions which the policy to be issued must contain, and the agent, with or without authority, represents that the policy will contain certain stipulations, which are not unlawful, then the policy must contain them, or the insured will not be bound to accept it. *But in such case it will be the duty of the insured when he receives the policy promptly to examine the same, and if it does not contain the stipulations agreed upon, to at once notify the company of such fact, and of his refusal to accept said policy.* * * * we think he waited too long to elect whether he would receive the policy without the stipulation in regard to cancellation, or refuse to accept it because it did not contain such stipulation. After such delay, he will be deemed to have accepted the policy as issued.' (Italics ours.) To like effect is the holding in the following cases: Zallee v. Connecticut Mut. Life Ins. Co., 12 Mo.App. 111; Steinberg v. Phoenix Ins. Co., 49 Mo.App. 255; McHoney v. German Ins. Co., 52 Mo.App. 94; Ijams v. Provident Sav. Life Assur. Soc., 185 Mo. 466, 84 S.W. 51; Robertson v. Covenant Mutual Life Ins. Co., supra [123 Mo.App. 238, 100 S.W. 686]; Fidelity & Casualty Co. of New York v. Dierks, supra [133 Mo.App. 637, 114 S.W. 55]; Continental Ins. Co. of New York v. Phipps, Mo.App., 190 S.W. 994; Faith v. Home Life Ins. Co., supra [203 Mo.App. 196, 208 S.W. 124]; Raker v. Service Life Ins. Co., supra [226 Mo.App. 1233, 49 S.W.2d 285]; Winegardner v. Service Life Ins. Co., Mo.App., 59 S.W.2d 712; Steward

v. Mutual Life Ins. Co., Mo.App., 127 S.W. 2d 22; New York Life Ins. Co. v. Fletcher, 117 U.S. 519, 6 S.Ct. 837, 29 L.Ed. 934.

"This court has followed and enforced that doctrine in the two very recent cases of Steward v. Mut. Life Ins. Co., supra, and Neumer v. Gove (Farmers Automobile Inter-Ins. Exchange Garnishee), Mo.App., 133 S.W.2d 689. In the last cited case, this court, speaking through Bland, J., collected a large number of authorities in this state bearing on this question and announced, 133 S.W.2d loc. cit. 694: 'However, an application for insurance is merely an offer, which may be accepted or rejected by the company. The sending of a different policy than that applied for constitutes a counter-offer. The insured has a reasonable time to accept or reject the policy and if he keeps it a reasonable length of time, he is deemed to have accepted the policy or counter-offer. * * Where he keeps the policy an unreasonable length of time, he accepts it as a counter-offer, although he does not read it. * * * If he is unable to read it or to understand it, it is his duty to have some one else read it to him or have its terms explained to him and, he is not permitted to rely on any statements made by a soliciting agent, who has no authority to make contracts of insurance, concerning its provisions.' In the Steward case, supra, the facts were very similar to those in the present case, except that the time elapsing before complaint was made was much less than in the present case, and we held that the suit to reform the policy came too late as a matter of law. In the Winegardner case, supra, where a similar question was in issue, this court said: 'It was the duty of the plaintiff upon receipt of the policy to read it promptly and object seasonably. *It was too late, after the risk had been carried for five or six months and the premium for that period had been earned, for him to make an objection to the variance between the representations made and the terms of the policy.'*" (Emphasis supplied.)

So in the instant case defendant must be held to have accepted the policy as it was written. He received the protection for the entire crop season of 1944 and was obligated to pay the assessment.

It follows that this case must be reversed and remanded with directions to the trial court to determine a reasonable attorney's fee in plaintiff's behalf, and to enter judgment for plaintiff for said amount, together with the assessment of $42, with interest thereon from date of demand, and penalties of $4.48.

It is so ordered. All concur.