HOME INSURANCE COMPANY, Appellant, v. GEORGE W. BURNETT, Respondent.

St. Louis Court of Appeals, May 17, 1887.

INSURANCE—INSTALMENT NOTES—FAILURE OF PROOF.—A policy of fire insurance for five years provided that the assured should pay the premium by paying one-fifth cash and the residue in annual instalments of one-fifth each, for which he should execute instalment notes ; that failure to pay any of the instalment notes, within thirty days after due, should avoid the policy during the continuance of the default, and cause all the notes to become due and payable at once. It gave to the assured the privilege of terminating the contract, after the lapse of one year, by paying to the company the customary short rates for the expired term of the full term, and provided that a subsequent payment of all instalments due should revive the liability of the company as to losses happening after such payment. *Held,* (1) That, in the absence of proof that any difference existed between the customary short rate and the rate of premium provided for by the policy, the right of the assured to terminate the contract, after the expiration of one year, was absolute. (2) That the fact that the company did not seek to enforce the notes, until long after the policy had expired by limitation of time, deprived the notes of the consideration supporting them, to-wit : the right of the assured to revive the policy by paying overdue instalments.

APPEAL from the Lewis County Circuit Court, BEN. E. TURNER, Judge.

*Affirmed.*

BLAIR & MARCHAND and J. E. THOMPSON, for the appellant.

THOMAS S. BURNETT, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This action was instituted before a justice of the peace, on the following note:

"For value received, in policy No. 307,766, dated the ninth day of May, 1879, issued by the American Insurance Company, of Chicago, Illinois, I promise to pay said company the sum of six dollars and —— cents on the first day of May, 1880, and six dollars and —— cents on the first day of May, 1881, and six dollars and —— cents on the first day of May, 1882, and six dollars and —— cents on the first day of May, 1883, without interest.

"George W. Burnett."

The note bore the following endorsements:

"Instalment due in May, 1880, paid.

"Instalment due in 1881 paid.

"Payable to the Home Insurance Company of New York, without recourse.

"American Insurance Company.

"C. L. Currier, Sec'y."

The plaintiff asked judgment for the two last remaining instalments, but, upon trial of the cause in the circuit court, the defendant had judgment, and the plaintiff appeals.

The errors assigned are, that the court refused proper instructions, asked by the plaintiff, and gave erroneous instructions of its own motion, and that the verdict is against the evidence.

Upon the trial, the plaintiff proved that it was a corporation of the state of New York, authorized to do insurance business in that state and in Missouri; that the American Insurance Company was a like corporation of Illinois, authorized to make contracts of insurance on the instalment plan, its charter providing that, if any of the instalments remained unpaid for thirty days after due, then the policy to be void, until the instalment shall have been paid, and, if said instalment shall not be paid for thirty days after due, then the whole note to become due.

The policy, in consideration whereof the note in suit was given, contained this clause:

"It is further expressly provided, and mutually agreed, that if default shall be made by the assured in the payment of any instalment of premium upon the instalment note given for the policy, for the space of thirty days after such instalment shall become due by the terms of such note, this policy shall thenceforth be null and void,' and this company shall not be liable to pay any loss happening during the continuance of such default in the payment of such instalment, but, on payment by the assured, or his assigns, of all instalments of premium due, under the policy, or upon the instalment note given therefor, the liability of this company, under this policy, shall revive, and this policy be in force as to all losses happening after such payment, unless this policy shall be inoperative, or void, from some other cause."

The policy, also, contained this further clause:

"The company reserves the right to cancel this policy, at its election, by paying to the assured the unearned premium, if any there be. The assured may, at any time after twelve months from the date of the policy, and before any instalment shall become thirty days past due, have the policy cancelled by paying the customary short rates for the expired time of the full term."

The plaintiff also gave evidence showing that the American Insurance Company gave notice to the defendant, after the third instalment on the note fell due, requesting him to pay it and advising him of the penalties if the instalment was not paid within thirty days after May 1, and that, thereupon, on May 29, and within such thirty days, the defendant wrote to the said company:

"Please cancel my insurance policy, as money is very scarce with me at present, and I do not wish to keep it up any longer; hoping you will favor me in this request, as I have been insured in your company for eight years."

There was no evidence that the American Insurance Company ever replied to this letter, or that the defendant ever was advised, in any manner, that his policy was not cancelled, in conformity with his request. Nor was there any evidence tending to show that there was any difference between the customary short rates, for the expired term, and the rate at which the defendant was actually insured; so that, for all that appears by the plaintiff's evidence, the defendant was, under the terms of the contract, entitled to have the policy cancelled without terms, it being conceded that the policy had, at that time, run for more than twelve months, and the request for its cancellation being made before the instalment in question had become thirty days past due.

The note in question was transferred by the American Insurance Company to the plaintiff in December, 1883, in consideration of a certain contract of re-insurance, entered into by the plaintiff and the American Insurance Company. The first intimation the defendant had that he was looked to for the payment of this note, or that the policy was not cancelled, in conformity with his request, in May, 1882, was the institution of this suit against him, by the Home Insurance Company, on the seventh day of August, 1886, more than two years after the expiration of the life of the policy, by its terms, and more than four years after the expiration of the policy, by either voluntary cancellation or forfeiture, if either of them took place, at the close of May, 1882, or in the beginning of June, 1882. This was all the evidence pertinent to the inquiry before us.

The court, upon its own motion, declared the law as follows :

"The court declares the law to be that, as the defendant wrote to the American Insurance Company, in May, 1882, and requested his policy to be cancelled, and as the evidence does not show that said request was ever answered, and, furthermore, the note given by the defendant was not sued on until after the expiration of the

full time covered by the defendant's policy of insurance, that the plaintiff should not maintain his action."

The cause was tried without the intervention of a jury. The declaration of the court is somewhat inartificially drawn, but is, in effect, tantamount to an instruction that, upon the uncontroverted facts appearing of record, and by the plaintiff's own testimony, the plaintiff could not recover. This, we think, is a correct view of the case. The plaintiff relies mainly upon *American Insurance Company v. Klink* (65 Mo. 79), where a clause similar to the one contained in the policy before us was construed, and the case was distinguished from the case of *Pennsylvania Insurance Company v. Geraldin* (31 Mo. 30), in this, that the non-payment of the instalment did not cause an absolute forfeiture of the policy, but upon a voluntary, or enforced payment of the note, if no loss had occurred, the policy would revive and re-attach. "The only effect of a default and notice, no loss occurring," says Hough, J., "was to entitle the company to sue for, and recover, the entire amount of all the instalments, thereby giving the insured, when the sum so recovered was paid, a paid-up policy for the remainder of the original period of five years."

This ruling is in accord with that in *American Insurance Company v. Henley* (60 Ind. 515), where the same distinction is drawn between a voidable and a void policy, and opposed to the ruling of *American Insurance Company v. Story* (41 Mich. 385), where it is held that, "if a policy is null and void, or suspended, from whatever cause, so that the company incurs no risk, and the assured receives no protection, why should there be a legal responsibility for the amount of the premium ?"

The case of *American Insurance Company v. Klink* (65 Mo. 79), being the last controlling decision of our supreme court, is binding upon us, but is far from conclusive on the point in controversy here.

From the statement of the case above, it will be seen

that, for aught that appears, the defendant had the absolute right to determine his liability, under the policy, on May 29, 1882. He had the right to terminate it, upon the payment of the difference between the long and short rate, if any, and as no such difference is shown, we can not assume that it existed. That it was his intention to terminate it, and that he advised the company of that fact, is not controverted. The acceptance of an offer to terminate a contract is essential to its termination, when the person receiving the proposal has an option in the premises; but it will not be claimed that, where no such option exists, a mere notice is not sufficient to effect its termination. This is a feature which clearly distinguishes this case from the case of *American Insurance Company v. Klink.*

There is, however, another feature which distinguishes it no less. Some risk is essential to the right to recover premiums. There must be some consideration to support the contract. In *American Insurance Company v. Klink*, it was substantially held that this consideration was furnished by the right of the assured to pay the over-due instalments, and thus revive the policy. But how is it in this case? For aught that appears, the defendant, after the notice of May 29, 1882, was justified to assume that his obligation was cancelled. He was never advised to the contrary. The first intimation he is shown to have had that the plaintiff treated his obligation as still subsisting, was more than two years after the time when the policy expired, by its terms, and when no payment, voluntary or otherwise, could invest him with any rights under it.

The judgment, under the conceded facts, was a correct conclusion of law, and, being for the right party, is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.