HOME INSURANCE COMPANY, Respondent, v. W. N. HAMILTON, Appellant.

Kansas City Court of Appeals, May 2, 1910.

1. **INSURANCE: Cancellation.** Where an insurance policy provides for its cancellation upon certain conditions to be performed by the insured, he must comply with those conditions before he can cancel.

2. ———: ———: **Term of Years: Note.** Where an insurance was for a term of five years at a gross premium of $95, of which $19 was paid in cash and a note for $76 payable in four installments of $19 each, given, and a provision in the policy allowed the insured to have it cancelled by first paying the note, out of the proceeds of which the insurance company was to pay the expense of writing the insurance and was also to deduct a sufficient sum to pay the customary rate for short term insurance and to pay the balance to the insurer; it was *Held*: That the insured could not defend against the note without first offering to comply with the provisions for cancellation.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Lamb & Lamb* for appellant.

(1) The term "usual short rate" in the policy means a "customary short rate." And that this custom must be so well known by the insurer as well as the insuring public, in the community where the insurance was written, that the parties to the contract will be presumed to have contracted with reference to it. 29 Am. and Eng. Ency. of Law, 371, 372, 388-390; S. W., etc., Co. v. Stanard, 44 Mo. 71; 7 Ency. of Ev., p. 513. (2) The burden of showing the existence and provisions of this short rate was upon the plaintiff and having failed in this the pro rata rate named in the policy would apply. Insurance Co. v. Burnett, 26 Mo. App. 175; 29 Am. and Eng. Ency. of Law, 393; 7 Ency. of Ev., 513. (3) The provision of the policy requiring the payment in full of the note given for the premium as a condition precedent to the cancellation of the policies, if defendant's contention that he is entitled to cancel at a pro rata basis is correct, would be to require the doing of a vain and useless thing. This the law will not do. Goodson et al. v. Masonic Act. Assn., 91 Mo. App. 352; Guerney v. Moore, 131 Mo. 666; Burroughs v. Howell Co., 180 Mo. 648; Savings Assn. v. Kellogg, 52 Mo. 591; Harolson v. Mason, 53 Mo. 213; Luthy v. Woods, 1 Mo. App. 169. (4) The provision of the policy that the insured may cancel by paying usual short rate and expenses is uncertain, ambiguous and open to explanation. The testimony of plaintiff shows that at the time the application was made this provision was interpreted by Mr. Winslow, the local agent of the company, to mean that the insured could cancel at any given time by paying the pro rata earned

premium. This testimony was not contradicted and the plaintiff is now concluded by the position taken. 29 Ency. of Law, 420, 421; Ellis v. Harrison, 104 Mo. 270; Walfert v. Railroad, 44 Mo. App. 330; 2 Am. and Eng. Ency. Law, p. 294.

*C. C. Hammond* and *Fyke & Snider* for respondent.

(1) In the absence of a provision therefor in the policies, neither party thereto could cancel or terminate the contract, without the consent of the other. There being in the contract provision for its cancellation, upon certain conditions, it could be terminated by either party only upon strict compliance with such conditions, compliance with such conditions being a condition precedent. Banking Co. v. Insurance Co., 75 Mo. App. 310; Van Valkenburg v. Insurance Co., 51 N. Y. 465; Hollingsworth v. Insurance Co., 45 Ga. 294; Insurance Co. v. Curtis, 32 Mich. 412; White v. Insurance Co., 120 Mass. 330; Insurance Co. v. Weisinger, 91 Ind. 297. (2) The policies were term policies for the period of five years; not renewable from year to year. Therefore, when the risk attached the whole premium was earned, unless the policies were cancelled as provided therein. Barnes v. Insurance Co., 30 Mo. App. 539; 2 Marshall on Insurance, p. 652; Ellis on Insurance, p. 23; Wall v. Insurance Co., 36 N. Y. 157; Schimp v. Insurance Co., 124 Ill. 354; Schreiber v. Insurance Co., 43 Minn. 368; Robinson v. Insurance Co. (Ark.), 11 S. W. 686; Insurance Co. v. American, 119 Ill. 329; Machine Works v. Insurance Co. (Cal.), 24 Pac. 1018. (3) The insurer had the right to provide as a condition precedent to cancellation by the insured, that the whole premium should first be paid; such provision was reasonable and valid. But whether reasonable or not is immaterial, because such was the contract, and the parties having voluntarily entered

into such engagement, the court will not undertake to make a new or different contract for them. Barnes v. Insurance Co., 30 Mo. App. 539; Klein v. Insurance Co., 42 Mo. 38; Insurance Co. v. Homer, 14 Colo. 391, 23 Pac. 788. (4) The policies were delivered to appellant more than ten months before he undertook to cancel; he retained them without objection for that period; it was then too late for him to undertake to claim that the soliciting agent made some promise or statement that he could cancel at any time, without paying further premium. Insurance Co. v. Neiberger, 74 Mo. 167.

ELLISON, J.—Plaintiff instituted this action on a promissory note, before a justice of the peace. On appeal to the circuit court it obtained judgment on a trial before the court without a jury.

The note was given for the sum of seventy-six dollars, payable in installments, and reads as follows:

"$76.00.                                   June 27, 1907.

"For value received in policy No. F. I. 216094, B. 184495, dated the ——— day of ———, 190—, issued by The Home Insurance Company, New York, I promise to pay to said Company, or order (by mail, if requested), at the office of its Western Farm Department, in Chicago, Illinois, seventy-six dollars in installments as follows:

"Nineteen dollars and ——— cents on the 1st day of July, 1908.

"Nineteen dollars and ——— cents on the 1st day of July, 1909.

"Nineteen dollars and ——— cents on the 1st day of July, 1910.

"Nineteen dollars and ——— cents on the 1st day of July, 1911.

"without interest.

"And it is hereby agreed that in case any one of the installments herein named should not be paid at maturity, or if any single payment promissory note

(acknowledged as cash or otherwise) given for the whole or any portion of the premium for said policy shall not be paid promptly when due, this company shall not be liable for loss during such default, and the said policy shall lapse until payment is made to this company at the Western Farm Department at Chicago, and the whole amount of installments or notes remaining unpaid on said policy may be declared earned due and payable, and may be collected by law."

The policy of insurance mentioned in the note was delivered to defendant, insuring his property for a term of five years, for a premium of ninety-five dollars. Nineteen dollars was paid in cash and the note in controversy for seventy-six dollars, payable in four annual installments, as shown above, executed for the balance.

The defense was that defendant had cancelled the policy at the end of the first year and that for the first year's insurance he had paid in cash the aforesaid sum of nineteen dollars.

The policy contained a provision permitting either party to cancel it in a way pointed out therein. The provision reads that:

"This company reserves the right to cancel this policy or any part thereof, by tendering to the insured the unearned pro rata premium, after due notice to that effect, either by mail addressed to the assured at his, her or their postoffice address as named in this policy or otherwise; the assured may also cancel when the premium or note or obligation given for such premium has been actually and fully paid in cash, in which case the company shall retain the expense of writing, procuring the risk, and the usual short rates from the date of the policy up to the time it is received for such cancellation."

It will be noticed that as a prerequisite to defendant's right to cancel the contract of insurance he must

have first paid the premium, whether it be due in cash or represented by a note for deferred payments. That when the premium was thus paid, the plaintiff would, after deducting expenses for writing, etc., and the usual premium for short terms of insurance up to the time of the cancellation, pay to him the balance.

Defendant made no pretense of complying with this provision. Instead, some time prior to June 23, 1908, he enclosed the policy directed to plaintiff at Chicago, Illinois, to be cancelled, and plaintiff on that date returned it to him calling his attention to the provisions of the policy. Nothing further seems to have transpired until January, 1909, when this action was brought.

A contract covering a certain period of time, but containing a conditional provision that it might be terminated before that time, will remain effective the full term, unless the condition of termination is fully complied with. And this is especially applicable to an insurance policy containing a provision allowing a cancellation prior to the end of the term of insurance. [Chrisman-Sawyer Banking Co. v. Insurance Co., 75 Mo. App. 310; Van Valkenburgh v. Insurance Co., 51 N. Y. 465; Hollingsworth v. Insurance Co., 45 Ga. 294; Home Ins. Co. v. Curtis, 32 Mich. 402; White v. Insurance Co., 120 Mass. 330; Aetna Ins. Co. v. Weissinger, 91 Ind. 297.] Those cases represent instances where the insurer sought to cancel, but the rule is equally applicable to the insured.

The conditions of cancellation were doubtless for the purpose of preventing an unjust advantage being taken of the insurer. It is well known that contracts of insurance may be had for a long term for a much less proportionate rate than for a short term. In this case the yearly premium for a five-year term was nineteen dollars, and it was shown that for a single year term the premium would have been twenty-eight and one-half dollars, which, at that rate, would be one hun-

dred and forty-two and one-half dollars for five years, taken in single years; whereas, the entire five-year term in this case was given for ninety-five dollars. The effect of allowing the assured to cancel his policy covering a solid term of five years, after it had run, say, one year, by paying one-fifth of the sum charged for the whole term, would give him insurance for a short term at the same rate charged for a long term, and is too unreasonable to be seriously considered. And it is to be inferred that this would not be insisted upon here but for what is said to be an infirmity in the contract itself, as above set out, in providing that the rate to be charged in case of cancellation would be the "usual short rate," and in plaintiff not showing what was that rate. The usual short rate was correctly interpreted by the court as "the customary rates charged for insuring like property, in a like amount, for original short term insurance," which in this case was shown to be twenty-eight and one-half dollars.

That part of defendant's defense, and argument in support of it, that the term "usual short rate" was unreasonable, · and further that plaintiff should have been required to show what it was and that it was just, can find no proper place in the defense as made. The defense is that the note is not owing because the policy was cancelled at a time when the nineteen dollars cash, which had been paid, covered the premium up to the time of cancellation. There was no offer in any way to comply with the provision of the contract which was the only thing giving defendant a right to cancellation; and he is in the position of wanting to take advantage of that.provision in his own favor without complying with any of the conditions put in it for the protection of the other party. We do not think the authorities cited by defendant, including Home Ins. Co. v. Burnett, 26 Mo. App. 175, apply to the case.

It seems that by manifest clerical error the term of insurance was written from 1912 to 1912, instead

of from 1907 to 1912. We note the objection made on this head by defendant, but think it not well taken.

After due consideration of the points and suggestions made in defendant's briefs, in connection with the oral argument, we have concluded that the judgment of the learned trial judge was manifestly for the right party, and it is affirmed. All concur.