HOME INSURANCE COMPANY OF NEW YORK, a Corporation, Respondent, v. C. I. HORRELL and W. A. CRAVENS, Appellants.

Springfield Court of Appeals, February 14, 1921.

1. **INSURANCE: Provision for Cancellation to be Strictly Complied With.** Policy provisions as to form of cancellation must be strictly complied with by insured.

2. ————: **Repudiation for Non-conformity to Contract Must be Prompt.** Repudiation of a policy by insured for its nonconformity to contract as understood at time of application for insurance must be prompt, and so right thereto is lost by acceptance of benefits on a loss and failure to act in a reasonable time.

Appeal from Butler County Circuit Court.—*Hon. Almon Ing, Judge*

AFFIRMED.

*Henson & Woody* for appellant.

(1) Any material alteration of a written instrument made after the execution thereof, without the consent of all the parties renders such instrument void. Bank v. Armstrong, 62 Mo. 59; McMurtry v. Sparks, 71 Mo. App. 126; Law v. Crawford, 67 Mo. App. 150; Barnett v. Nolte, 55 Mo. App. 184; 2 Cyc. 194 (4), 224 (24). (2) If a written instrument be masterially altered after its execution without the consent of all the parties, the non-consenting party may interpose that defense even though he may have acted under the instrument as altered. Nauman v. Oberlee, 90 Mo. 666; Maupin v. Ins. Co.,—Mo. App.—214 S W. 398; Green v. Ins. Co., 159 Mo. App. 271; Campbell v. Hoff, 129 Mo. 317. (3) All of the issues tendered in this case were issues of fact which should have been submitted to the jury under proper instructions. State v. Chick, 146 Mo. 645, 2 Cyc. 256 (X); Devero v. Sparks, 189 Mo. App. 500, 505; Dyer v. Cowden, 168 Mo. App. 649; Dunbar v. Fifield, 85 Mo. App. 484; Hahn v. Bradley, 92 Mo. App. 399; Hugumin & Co. v. Hinds, 97 Mo. App. 346; Bradley Co. v. D. G. Co., 180 S. W. 389; R. S. 1909, secs. 1989, 1993.

*W. C. Keaton* and *E. R. Leutz* for repondent.

(1) According to the terms of the policies in this case, the only way defendants could cancel the policies was by paying the premium note in full and surrendering the policy to the company; the company could then retain the short rate and expense of taking the risk. Continental Ins. Co. v. Phipps, 190 S. W. 994; Home Ins. Co. v. Hamilton 143 Mo. App. 237; Continental Ins. Co. v. Burke, 207 S. W. 847, not officialy reported. (2) If the policies of insurance issued were not satisfactory to the defendants, it was their duty to return them to the company issuing the same in a reasonable time, and if they fail to do so they will be held to have accepted the same.

206 M. A.—23

Instead of returning the policies they kept them from fall until spring; they then ratified the contract of insurance by receiving payment for a loss sustained under the policies. They still kept the policies until about June, 1918, one year and eight months after the date of the note sued on, and eight months after the first installment of said note became due payable, when they again ratified the said contract of insurance by paying the installment ofsaid note. They still kept the polices and have them now. They never have returned the policies or even offered to do so. Having kept and retained the possesion of said policies nearly four years after they received them, it is now entirely too late for these defendants to say that the insurance was not written as they wanted it. American Ins. Co. v. Neiberger, 74 Mo. 167; Continental Ins. Co. v. Phipps, 190 S. W. 994; Home Ins. Co. v. Hamilton, 143 Mo. App 237; Continental Ins. Co. v. Burks, 207 S. W. 847. (3) In their argument counsel say that the allegations of the answer are not denied reply. The record shows that plaintiff filed reply to defendant's first amended answer. Afterward defendant filed a second amended answer. The recollection of the writer is that the reply was re-filed, but the record fails to so show. But the case was tried in all respects as though reply had been filed It is now too late to take advantage of the absence of reply. It will be treated as if filed. Furguson v. Davidson, 147 Mo. 664; State ex rel v. Phillips, 137 Mo. 250; Smith v. St. Joseph, 45 Mo. 445; Nelson vs. Wallace, 48 Mo. App. 193; Henslee v. Canifax, 49 Mo. 295, Meador v. Malcolm, 78 Mo. 550.

FARRINGTON, J.—The plaintiff brought suit on an installment note given for a policy of insurance covering a period of four years. The note was for $288, and the installments were $72 per year. Under the contract of insurance the plaintiff paid $72 cash and signed up an application for the insurance together with the installment note sued upon. It appears from the evidence that several months later there was a loss, covered by the policy, for

which the defendants claimed against the Insurance Company, and which loss was settled and paid to defendants by the plaintiff. When the first installment in the note came due it was not paid by the defendants and after some negotiation, which was over a year after the note had been made and the policy had been delivered, the first installment on this note was paid by the defendants. Nothing more was paid, and this suit is for the balance due on the note.

The defense made by defendants is that the policy did not conform in the amounts placed on the various items insured on the farm to those which were placed in the application for insurance, the claim being that the company reduced the amounts on the houses and combustible property and added such amounts therefrom reduced to other items which were less liable to be destroyed.

There is an attempt to plead a failure of consideration. The defendants give the excuse for paying the second payment, which was the first installment in the note, on the grounds, as they say, that the agent told them if they would pay that to the company it would cancel the insurance, defendants having written to the company complaining about the policy not being according to the terms of the application and asking for a cancellation.

Under the terms of this policy the mode of cancellation is expressly provided for, and it is admitted by defendants that they did not comply with the terms in this respect. It has been consistently held on this same contract that where the policy provides for a certain form of cancellation, the terms as therein provided must be strictly complied with. [See Home Ins. Company v. Fleeman, 217 S. W. 536; Continental Ins. Company v. Phipps, 190 S. W. 994; Home Insurance Co. v. Hamilton, 143 Mo. App. 237, 128 S. W. 273; American Insurance Co. v. Neiberger, 74 Mo. 167.]

This policy was delivered to the defendants, accepted by them and retained without any objection whatever until a long time had transpired, and after they had accepted the benefits under the policy on a loss, which was paid.

We have recently had a case involving the question of the right of cancellation and repudiation of an insur-

ance contract, and held that on such contracts there must be prompt action if the insured excepts to repudiate on the ground that the policy does not conform to the contract as understood when the application was signed. [See Faith v. Home Insurance Co., 208 S. W. 124.]

It therefore follows that the defendants in this case, by accepting the benefits on a loss sustained, and their failure to repudiate on the ground of an alleged fraud within a reasonable time, that the policy as delivered is in force and defendants are bound by its terms. It also appearing that defendants, having failed to cancel the policy under the provisions thereof, the trial court committed no error in directing a verdict for the plaintiff. The judgment is affirmed.

*Bradley, J.,* concurs. *Cox, P. J.,* not sitting.