MRS. LAURA DOWELL, Respondent, v. THE COMMONWEALTH INSURANCE COMPANY OF NEW YORK, Appellant.

In the Kansas City Court of Appeals, December 31, 1923.

1. **INSURANCE: Cancellation: Policy May not be Cancelled Without Consent of Insured, Except upon Strict Compliance with Its Terms.** A policy of insurance may not be cancelled without the consent of the insured, except upon strict compliance with the terms thereof.

2. ————: ————: **Notice: Policy of Fire Insurance Held not Legally Cancelled.** Where agent of insurance company issued to plaintiff a policy of fire insurance in the sum of $2000, effective September 12, 1921, for a term of three years, and delivered it to plaintiff, but before fire on the 8th day of November, 1921, insurer instructed agent it would not carry on the property more than $750, and directed him to cancel the policy, the attempted cancellation thereof by issuance of a policy in another company, without notice to plaintiff prior to fire and return of unearned premium, *held* not to affect validity of policy first issued.

3. **APPEAL AND ERROR: On Review of Overruling of Defendant's Demurrer the Evidence Must be Construed in Most Favorable Light to Plaintiff.** On appeal where it is insisted defendant's demurrer to the evidence should have been sustained, the evidence must be construed in light most favorable to plaintiff.

4. **INSURANCE: Cancellation: Notice: Insured Held not to Have Rati-fied Attempted Cancellation of Policy.** Where agent of insurance company issued policy of fire insurance for $2000 and was there-after instructed by insurer not to carry more than $750 on the property insured, and agent cancelled the policy without notice to insured and issued a new policy to her in another company for which he was also agent, delivering the same after the loss by fire, and plaintiff after the loss informed the agent at the time of signing the proofs of loss against the company issuing the new policy that she held defendant on the first policy issued for $2000 and that in surrendering said policy to the agent she was not re-leasing any of her rights thereunder, *held* she did not thereby ratify the attempted cancellation of said policy after the loss.

5. ———: ———: ———: **Instructions: Instructions with Reference to Cancellation of Policy Held not Erroneous.** Where policy of fire in-surance for sum of $2000 was issued by agent of insurer who was thereafter instructed insurer would carry only $750 on property, and agent without the knowledge or consent of insured, attempted to cancel the policy and in lieu thereof issued a new policy in an-other company for which he was also agent, and after fire loss in-sured delivered policy first issued to agent, whom she did not re-gard as her agent, but not for purpose of cancellation, *held* there was no error in instructions for plaintiff permitting recovery un-less policy was cancelled by agreement, and that agent had no right to issue to plaintiff the second policy in another company without her knowledge and consent, and the fact that agent issued second policy before fire occurred did not cancel the first policy, unless plaintiff agreed to such cancellation.

Appeal from Circuit Court of Livingston County.—*Hon. Arch B. Davis*, Judge.

AFFIRMED.

*Davis & Ashby* for respondent.

*Crow & Newman* for appellant.

ARNOLD, J.—This suit was instituted to recover on a policy of fire insurance of $2000. The facts disclosed by the record are that one W. L. Cox was agent at Chillicothe, Missouri, for the Commonwealth Insurance

Company, defendant herein, and on behalf of said company, he issued to plaintiff a policy of fire insurance in the sum of $2000, effective September 12, 1921, for a term of three years, upon plaintiff's dwelling house and its contents in Chillicothe, Mo. The premium of $30.50 was paid by plaintiff and the policy was delivered to her. On the 8th day of November of the same year, said house and contents covered by said policy were totally destroyed by fire.

In the early part of November and before the fire, the Commonwealth Company instructed Cox that it would not carry a policy on the property in an amount to exceed $750, and directed Cox to cancel the policy of $2000 and issue a new one for $750. Cox then cancelled the $2000 policy, sued on herein, and in lieu thereof and without the knowledge or consent of plaintiff, issued to her a policy in the Equitable Fire & Marine Insurance Company, for which he was also agent.

On the day of the fire, plaintiff was visiting in Kansas City, Mo., but returned to Chillicothe at once, and the policy in the Equitable Company was then delivered to plaintiff by the Cox agency, showing the unearned premium on the Commonwealth policy credited thereon. The Commonwealth policy was delivered by plaintiff into the hands of the Cox agency and was in the hands of defendant Company at the time this suit was brought. Proofs of loss were made under the Equitable policy and plaintiff then was informed for the first time of the cancellation of the Commonwealth policy. She was told the Commonwealth Company denied liability, and that the Cox agency would try and get the insurance upon the Equitable policy. There is evidence tending to show that at the time plaintiff signed the proofs of loss against the Equitable Company plaintiff told the Cox agency that she held the Commonwealth Company on the policy sued on; that the proof of loss against the Equitable Company was made by plaintiff against that company on the advice and under the direction of the Cox agency.

The Equitable Company learned that the policy so issued was delivered to plaintiff after the fire, denied liability thereunder, and refused to pay the loss. This suit then was filed against the Commonwealth Company.

The pleadings embrace facts as above stated. The cause was tried to a jury. No evidence was introduced by defendant. At the close of the evidence defendant asked a peremptory instruction in its favor which was refused. Instructions were asked and given on behalf of plaintiff but defendant stood on its demurrer and asked no instructions. The verdict was for plaintiff for $2000.

Defendant's motion for a new trial being overruled the case was appealed to this court. It is charged first, that the trial court erred in refusing to give the peremptory instruction to find for defendant and that under plaintiff's own testimony to the effect that she received the Equitable policy in lieu of the policy sued on, she waived all rights against defendant company. It is also contended that by agreeing with the adjuster for the Equitable Company and accepting the exchange of policies after the loss, plaintiff is estopped from claiming under the Commonwealth policy.

This position of defendant is met by the contention of plaintiff that the Commonwealth policy was attempted to be cancelled without her knowledge or consent; that the terms of the policy itself provide for the cancellation thereof only after five days' notice to the insured. It is not claimed by defendant that any attempt was made by it to comply with the following clause in the contract: "This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation (on return of unearned premium)." Neither does defendant claim that the unearned premium was returned, or offered to be returned to plaintiff, but bases its contention on the fact that the unearned premium was credited on the Equitable policy. We are therefore confronted with the question as to whether or not the policy in suit was legally cancelled.

No notice of cancellation was given by plaintiff, no return of unearned premium was made to her, nor was she aware that any attempt had been made to cancel the policy until after the fire occurred. It is the rule that a policy may not be cancelled without the consent of the insured except upon strict compliance with the terms of the policy itself. This court held in Milling Company v. Fire Insurance Co., 105 Mo. App. 146, 1. c. 152:

"There is no doubt that although the company had the policy returned to its main office and had it endorsed as cancelled several weeks before the fire, yet, as plaintiff was not notified of the cancellation up to the time of the fire, and the premium it had afterwards paid was not returned to it, the policy continued to be a valid contract of indemnity, and defendant was liable to plaintiff at that time on the facts which then existed." [See, also, Home Insurance Co. v. Hamilton, 143 Mo. App. 237, 128 S. W. 273; Insurance Co. v. Phillips, 190 S. W. 994; Dubinsky v. Ins. Co., 196 S. W. 1045; State ex rel. v. Insurance Co., 222 S. W. 1049; Home Ins. Co. v. Horrell, 227 S. W. 830; Clark v. Insurance Co., 231 S. W. 74.]

The cases are all one way on this point and we hold against defendant's contention that the policy was legally cancelled, and hold that the contract was a valid contract of indemnity at the time the loss occurred.

This brings us to the question of waiver on the part of plaintiff and whether or not she ratified the attempted cancellation of the policy after the loss. We have only the evidence of plaintiff before us and in our discussion of the demurrer we must construe that evidence in the light most favorable to plaintiff.

The evidence shows that plaintiff informed the Cox agency that in signing the proof of loss against the Equitable Company, at the request of said agency, she still was holding defendant on the policy in suit, and that in surrendering the Commonwealth policy to the agency, she was not releasing any of her rights thereunder. In the Milling Company case, from which we

have heretofore quoted, it is said: "After the fire plaintiff did not have a claim which was 'void or enforcible at his option.' It had a claim which was valid or invalid as it then existed. There was no option or election, as such, which plaintiff could exercise that would, in any way, affect the validity or invalidity of its claim. If it had a valid claim, it could forbear to enforce it and let it become outlawed, or it might otherwise act as any other free agent may. But there was no such condition as is presented by a void or enforcible claim at the option of the party concerned."

We find there was no error in the action of the trial court in overruling defendant's demurrer to the evidence.

The remaining point urged by defendant in support of this appeal is that there is error in two instructions given on behalf of plaintiff. The court gave one instruction which purported to cover the entire case, the last sentence of which reads: "Unless you further find and believe from the evidence that said policy was cancelled by agreement between plaintiff and defendant's agent." And the next instruction is, as follows:

"The court instructs the jury that the W. L. Cox agency had no right to issue to plaintiff the Equitable Fire and Marine Insurance policy without her knowledge and consent, although you may find and believe from the evidence that said policy was written by said W. L. Cox agency before said fire occurred, yet, said fact, if you believe it to be a fact, did not cancel defendant's policy, unless plaintiff thereafter agreed to such cancellation, if any."

We see no merit in the objections offered to these instructions. All that was done before the fire as to the cancellation of the one policy and the issuance of the other was done by the Cox agency, without the knowledge or consent of plaintiff. After the loss occurred, she delivered the policy which she held to the Cox agency, but not for the purpose of cancellation. There is noth-

ing in the evidence to show that she regarded Cox as her agent at any time, or that she ratified the acts by which he endeavored to cancel the policy issued by defendant. The instructions properly submitted these issues and we hold they followed the law and the facts presented herein.

Finding no reversible error in the case, the judgment is affirmed.

All concur.