THE HOME INSURANCE COMPANY, a Corporation, Appellant, v. THOMAS KELLETT, Respondent.*

In the Springfield Court of Appeals, December 16, 1924.

1. **INSURANCE: Notice to Agent to Cancel Policy Held Ineffective.** Where policy of fire insurance provided that insured should have right to cancel by paying full amount of the premium, in which event the company would retain the short rate for the term covered, and return balance to insured, notice to agent by insured to cancel the policy was ineffective, where he did not pay the premium.

2. ———: **Cancellation: Policy Can be Cancelled Only in Way Provided Therein.** On acceptance of fire insurance policy by insured it became a binding contract, and could not be cancelled by either party thereto, except in way provided therein.

3. ———: **Liability of Insured on Premium Notes not Affected by Ineffective Attempt to Secure Cancellation of Policy.** In action on in-

stallment note, containing clause making entire note due on failure of insured to pay installment when due, an attempt by insured to secure cancellation of the policy without first paying the full premium, as provided by the policy, was ineffective, and did not affect insured's liability on the note, and judgment should have been given for the entire note.

---

*Headnotes 1. Fire Insurance, 26 C. J., Section 173; 2. Fire Insurance, 26 C. J., Section 173; 3. Fire Insurance, 26 C. J., Sections 118, 120.

Appeal from the Circuit Court of Oregon County.—*Hon. E. P. Dorris,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. L. Bess,* of West Plains, and *E. L. Snider,* of Kansas City, for appellant.

Plaintiff was entitled to a verdict on the answer, and on the evidence offered. Execution of the note was admitted; that it had not been paid was admitted, and no legal defense was pleaded. Home Ins. Co. v. Hamilton, 143 Mo. App. 237; Continental Ins. Co. v. Phipps, 190 S. W. 994; American Ins. Co. v. Klink, 67 Mo. 78; American Ins. Co. v. Neiberger, 74 Mo. 167.

No brief for respondent.

COX, P. J.—Action upon a note given for premiums upon an insurance policy; jury waived; trial by court who found the issues for defendant and plaintiff appealed.

An insurance policy was issued by the plaintiff to the defendant covering a period of five years upon a dwelling house, household furniture, other buildings, certain live stock, including $1000 on cattle, and hay and grain

on the farm of defendant. An initial payment of $33.75 was made on the premium at the time the policy was issued and the note in suit given for the balance. This note was payable in installments of $33.75 per year for a period of four years. This note provided that in case any installment was not paid when due, the entire amount should at the election of plaintiff become due. The note also provided for reasonable attorneys fees. It appears that one installment of the note was paid but the second installment was not paid when due and no other payments were made prior to the bringing of this suit. Under the terms of the note, the entire balance of the note was due at the time this suit was filed unless the defendant was justified in refusing to make the payments. The contention of defendant was that he had sold the cattle covered by the insurance policy and had asked the company to cancel that part of the policy which they had not done. The policy provided that the insured should have the right to cancel it by paying the full amount of the premium to the company in which event the company would retain the usual short rates from the date of the policy up to the time it was received for cancellation and return the balance to the insured. There seemed to be no provision in the policy by which a portion of the policy could be cancelled without cancelling the entire policy unless the provision for cancellation generally carried with it the right to cancel a portion of it, but, in the view we take of this case, it is not necessary to pass upon that question here. The defendant did not follow the directions of the policy in seeking a cancellation. He did not make any payments to the company at all. He did testify that at one time he notified Mr. Kerby, the agent of plaintiff, at West Plains, that he had sold the cattle and wrote the agent to cancel that part of the policy but he received no answer to that letter. When he saw the agent nearly a year later, which was after some portion of the note was past due, he said that he then tendered the policy and offered to cancel it accord-

ing to its terms but there is no evidence to show that Mr. Kerby had any authority to act for the plaintiff in the cancellation of policies nor that any tender of any money was actually made.

It is conceded in this case that the defendant accepted the policy and that it became a binding contract of insurance between the parties. That being true, neither party could cancel the policy except in the way provided in the policy. [Home Ins. Co. v. Hamilton, 143 Mo. App. 237, 128 S. W. 273; Home Ins. Co. v. Horrell & Cravens, 206 Mo. App. 352, 227 S. W. 830; Continental Ins. Co. v. Phipps, 190 S. W. 994; Home Ins. Co. v. Fleeman, 217 S. W. 536; Dowell v. Commonwealth Ins. Co., 256 S. W. 1074.]

Since defendant did not comply with the terms of the policy in his efforts to secure a cancellation, it was not cancelled and his liability on the note was unaffected and plaintiff was entitled to a judgment for the amount due. It was admitted at the trial that in case plaintiff should recover, a reasonable attorney's fee would be $25. This added to the amount due on the note made a total amount due plaintiff of $126.25.

The judgment will be reversed and the cause remanded with directions to enter judgment for plaintiff for $126.25 with interest at six per cent. from the date of the trial which was August 29, 1923. *Farrington* and *Bradley, JJ.,* concur.