**Lee Kraft STICKLER and Terry Stickler, Plaintiffs–Respondents,**

v.

**FOREMOST SIGNATURE INSURANCE CO., Defendant–Appellant.**

No. 25627.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 24, 2004.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 4, 2004.

---

Russell F. Watters, T. Michael Ward, Brown & James, P.C., St. Louis, James B.

James, Brown & James, P.C., Springfield, for defendant-appellant.

Michael T. Pivac, Thomas H. Hearne, Hearne & Pivac, Springfield, for plaintiffs-respondents.

JOHN E. PARRISH, Presiding Judge.

Foremost Signature Insurance Co. (Signature) appeals a judgment rendered in favor of Lee Kraft Stickler and Terry Stickler (collectively referred to as plaintiffs) in an action for breach of contract. The contract in question is an insurance policy issued by Signature. This court affirms.

Signature issued a "Mobile Home Insurance Policy" to plaintiffs.[1] It was a renewal policy. The policy period was "[f]rom 09/09/00 To [sic] 09/09/01 12:01 A.M. STANDARD TIME." Plaintiffs made quarterly premium payments. The last premium payment plaintiffs paid was in March 2001. The property the policy covered was destroyed by fire July 24, 2001.

Ms. Stickler testified that no cancellation notice had been received from Signature during May or June of 2001. After the fire, Ms. Stickler asked for copies of any cancellation notice and for records regarding whether a cancellation notice had been mailed to her. None were provided.

Plaintiffs reported their loss to their insurance agent. Their agent told them the policy had been cancelled. Plaintiffs then contacted the Signature home office and were told "that it appeared that the policy had been cancelled for nonpayment, and that there may not be coverage." Plaintiffs later received a letter denying their loss claim. Plaintiffs brought this action

---

1. The policy identified the insureds as "Margie Kraft and Terry Stickler." Plaintiff Lee Stickler testified that "legally" Margie is her name, but she uses her middle name. The pleadings in this case denote Ms. Stickler as "Lee"; however, the judgment identifies her as "Lea Kraft Stickler." This opinion will use the name by which Ms. Stickler is identified in the pleadings and notice of appeal.

seeking the amounts of coverage provided by the terms of the policy plus interest, attorney fees, and costs. Signature alleged, as an affirmative defense, that the policy of insurance issued to plaintiffs had been cancelled for nonpayment of premium prior to the date of the claimed loss. The case proceeded to jury trial. The jury instructions included Instruction No. 6 that told the jury it was to find for Signature if it believed Signature had cancelled the policy of insurance pursuant to the cancellation provision of the policy.[2]

Verdict was returned for Signature. The trial court initially entered judgment in accordance with the verdict, but later granted plaintiffs' motion for judgment n.o.v. and entered judgment for plaintiffs for $59,500 "on the contract of insurance" and $8,289.24 prejudgment interest.

Signature raises two points on appeal, both directed to whether the policy of insurance had been cancelled by Signature. Both contend the trial court erred in granting plaintiffs' motion for judgment n.o.v.; that the policy of insurance gave Signature the right to cancel the policy and that the steps required for cancellation were met. Point I contends "the jury found that [Signature] mailed a cancellation notice to Plaintiffs in compliance with the cancellation provision." Point II asserts the cancellation notice was sufficient. It states several specifics that Signature argues were means by which it was permitted to unilaterally cancel the policy. Signature contends a notice was sent; that the notice "strictly complied with the policy's cancellation provision, although the notice was mailed on [Signature's] behalf by Foremost Insurance Company; there is no prohibition in the policy against a third party sending the notice[.]"

As this court perceives point I, Signature contends the policy terms were unambiguous regarding its right to unilaterally cancel plaintiffs' insurance policy; that it complied with those terms in that a notice of cancellation was mailed to plaintiffs.

Insurance policies are contracts. *Central Surety and Ins. Corp. v. New Amsterdam Casualty Co.*, 359 Mo. 430, 222 S.W.2d 76, 78 (banc 1949). The rules of contract construction govern insurance policies. *Peters v. Employers Mutual Casualty Co.*, 853 S.W.2d 300, 301–02 (Mo.banc 1993)....

Absent an equitable ground, an insurance policy may be cancelled only: 1) by mutual assent of the parties or, 2) under the terms of the policy. *MFA Mutual Ins. Co. v. Southwest Baptist College, Inc.*, 381 S.W.2d 797, 801 (Mo.1964)....

*Blair by Snider v. Perry County Mut. Ins. Co.*, 118 S.W.3d 605, 606–07 (Mo. banc 2003).

Here, as in *Blair*, there was no mutual assent to cancellation; neither is there a claim of an equitable ground for cancellation by Signature. The policy Signature issued to plaintiffs provides with respect to Signature's right to unilaterally cancel the policy:

> We [i.e., Signature] may cancel this policy for any reason during the first 60 days we insure you. After the first 60 days we may cancel it if:
>
> a. The risk has changed substantially since the policy was issued; or
>
> b. If you or your representative:
>
>     . . .
>
> (4) Have not paid the premium.

---

**2.** Instruction No. 6 was unusual in that it purported to advise the jury as to the means by which the policy of insurance could be cancelled by quoting a lengthy provision from the text of the policy. No issue regarding the instruction is raised in this appeal.

We will mail a cancellation notice to you at least 30 days (10 days if you have not paid the premium) before this policy is cancelled. We will mail a cancellation notice to your last address known to us or your insurance representative. We will also give the same notice to your lienholder.

. . .

An exhibit was admitted in evidence, plaintiffs' exhibit No. 40, that was represented as being a certificate of mailing. It identified names and addresses of persons to whom material was mailed on May 29, 2001, by Foremost Insurance Company (Foremost) from Grand Rapids, Michigan.[3] The certificate of mailing lists an item that was addressed to "MARGIE KRAFT STICKLER, TERRY 22899 ELM SPRINGS RD HUGHESVILLE MO 65334."

■ The required act in order for Signature to cancel the policy of insurance issued plaintiffs for nonpayment of premium was for Signature to mail a cancellation notice at least 10 days before the date of cancellation. The policy language in this case is similar to that in *Blair* that was found unambiguous. *See also Hudson v. State Security Ins. Co.*, 555 S.W.2d 859, 861 (Mo.App.1977); *McGarrah v. Stockton*, 425 S.W.2d 223, 228 (Mo.App.1968). This court holds that the policy language is unambiguous with respect to the act necessary to cancel the policy of insurance issued plaintiffs for nonpayment of premium. The argument in Point I directed to

whether Signature complied with the stated requirements for canceling plaintiffs' policy of insurance will be considered with Point II.

■ Point II asserts six bases, denominated as subparagraphs A through F, for Signature's claim that the trial court erred in granting judgment n.o.v. because Signature had complied with the policy terms that permitted it to cancel the policy. Subparagraph D asserts that "[Signature's] notice strictly complied with the policy's cancellation provision, although the notice was mailed on [Signature's] behalf by [Foremost]; there is no prohibition in the policy against a third party sending the notice."

Signature argues that a notice that met the requirements for cancellation of plaintiffs' policy of insurance for nonpayment of premium was mailed by Foremost May 29, 2001. Signature relies on plaintiffs' exhibit No. 40 for proof that the required notice was mailed. Plaintiffs argue, however, that Signature did not prove that whatever may have been sent May 29, 2001, complied with policy requirements for unilateral cancellation for nonpayment of premium.

■ "A unilateral cancellation must strictly comply with the policy." *Blair*, 118 S.W.3d at 607. As stated, *supra*, Signature's policy states, "*We* may cancel this policy . . . [i]f you or your representative . . . [h]ave not paid the premium." (Emphasis added.) The policy provides, "*We, us* and *our* means the company *named* on the Declarations Page."[4] (Emphasis add-

---

**3.** Signature acknowledged at trial and in the appellate brief it filed with this court that "Foremost Insurance Company [Foremost] and Foremost Signature [Signature] are separate corporations within the Foremost Insurance Group." At trial, a representative of Foremost Insurance Group testified that the two companies are different entities; that

they are "incorporated separately," and they issue separate policies.

**4.** The policy provides that if any policy provision "is in conflict with any governmental requirements" when it is written, the terms of the policy are "automatically changed to conform to them." It also provides that if Signa-

ed.) The company named on the "Declarations Page" is Signature. Signature is identified as "A Stock Company."

Plaintiffs testified that they received no cancellation notice or final settlement from Signature reflecting cancellation of their policy. Signature had no copies at trial of any notice canceling the policy of insurance that it claimed had been sent to plaintiffs.[5] Signature's evidence was that any notices sent would have been sent by Foremost. Signature acknowledged that although notices were intended to be on Signature's behalf, they would have been on Foremost stationery rather than on Signature stationery. Plaintiffs argued this would not have complied with policy requirements that Signature give notice of cancellation.

In *Safeco Ins. Co. of America v. Stone & Sons, Inc.*, 822 S.W.2d 565 (Mo.App.1992), Safeco Insurance Company of America (Safeco) mailed a notice of cancellation of an automobile insurance policy in which the insured was Stone & Sons, Inc. The policy required Safeco to mail or deliver a notice of cancellation to the named insured. The notice was mailed to Richard Stone. Richard Stone had previously been the named insured on the policy, but had changed the named insured to Stone & Sons, Inc., when his business was incorporated.[6]

The policy stated, "We may cancel the policy by mailing you at least 10 days notice at your last address known by us. 'We' means the company providing the insurance, 'you' means the person or organization shown as the named insured in ITEM One of the declarations." *Id.* at 568. *Safeco* held the notice was not in accordance with the terms of the policy; that it had not been sent to the named insured on the policy.

*Safeco* explained:

"The Missouri courts have held, in an unbroken line of decisions, that strict compliance with all the requirements in regard to notice is a prerequisite to cancellation." *Farrar v. Mayabb*, 326 S.W.2d 337, 340 (Mo.App.1959); *See, Farmers Mutual Hail Insurance Co. v. Minton*, 279 S.W.2d 523, 526 (Mo.App. 1955); ("where a policy contains a specific provision for cancellation by either party, it is binding upon the parties and must be strictly complied with in order to terminate the policy.") *Dyche v. Bostian*, 229 S.W.2d 25, 28 (Mo.App.) *aff'd*, 361 Mo. 122, 233 S.W.2d 721 (1950). This is so, even when the provision is "unreasonable." *Home Ins. of New York v. Horrell*, 206 Mo.App. 352, 227 S.W. 830, 831 (1921) (cancellation terms in insurance policies must be strictly complied with); *Continental Ins. Co. of New York v. Phipps*, 190 S.W. 994, 995 (Mo.App.1916) ("The parties entered into such a contract and the courts will

---

ture "broaden[s]" the coverage that has been issued to an insured without additional premium charges, Signature will give the insured "the benefit of these broadened coverages." The policy terms then state, "The only other way this policy can be changed is if we change it in writing." There is no contention that the policy Signature issued plaintiffs was in conflict with any governmental requirements or that Signature "broadened" coverage or otherwise changed its terms.

**5.** Signature contended that Foremost's automation system could recreate documents it claimed Foremost had sent to plaintiffs on its behalf. The trial court sustained plaintiffs' best evidence objections to what Signature contended were recreated documents.

**6.** Richard Stone was president and 50 percent shareholder of Stone & Sons, Inc. His wife, Debra Stone, held the remaining 50 percent of the stock in the corporation. Mr. and Mrs. Stone's residence was also the office of Stone & Sons, Inc. ne & Sons, Inc.

not undertake to make a different one for them.") In *Farrar*, an incorrectly addressed notice of cancellation was held ineffective. 326 S.W.2d at 340–41. In *Farmers Mutual*, the insured sent written notice of cancellation to the insurance company, but his failure to comply with the policy requirement of returning the policy together with the written notice caused him to remain liable to the company for future assessments. 279 S.W.2d at 526–27.

*Id. Safeco* cited *MFA Mutual Ins. Co. v. Southwest Baptist College, Inc.,* 381 S.W.2d 797 (Mo.1964), and *Fuller v. Lloyd,* 714 S.W.2d 698 (Mo.App.1986), as "[m]ore recent cases" that "required strict adherence to policy and statutory language to determine if an insurer has effectively canceled an insurance policy." *Id.*

The trial court in this case had before it plaintiffs' motion for judgment n.o.v. in which plaintiffs claimed Signature "failed to sustain its necessary burden of establishing [Signature's] strict and literal compliance with the terms and requirements of the cancellation provision of its policy of insurance"; that Signature failed to show it mailed the required cancellation notice as the terms of the policy required. The evidence supports that allegation.

Signature had no copies of the notices it claimed had been sent. There was no evidence that Signature took any action as "the company *named* on the Declarations Page." Rather, the action Signature claimed was taken was performed by Foremost, a company separate and distinct from Signature. *See* n. 3, *supra.* The action taken that Signature contends was intended to cancel the policy was done in Foremost's name, not Signature's. Just as the giving of a notice to a party other than the named insured did not comply with policy terms in *Safeco,* the giving of a notice in this case by a company other than the one that issued the policy of insurance did not comply with policy terms. The part of Point I not previously considered and subparagraph D of Point II are denied. The issues raised in the remaining parts of Point II are moot. The judgment is affirmed.

PREWITT and BATES, JJ., concur.