INSURANCE:
pleading: peti-
tion: ownership.

---

CHRISMAN & SAWYER BANKING COMPANY, Appellant,
v. HARTFORD FIRE INSURANCE COMPANY,
Respondent.

Kansas City Court of Appeals, May 2, 1898.

1. **Insurance**: CANCELLATION: FACT V. INTENTION: EVIDENCE. To effect a cancellation of an insurance policy by the insurer there must be an actual cancellation and not a mere intention to cancel, and the evidence in this case is reviewed and *held* insufficient to show a cancellation.

2. ———: RETURN OF UNEARNED PREMIUM. A policy provided that if it were cancelled the unearned premium should be returned on the surrender of the policy. *Held*, that the return of the premium and the surrender of the policy were concurrent acts and the insurer to effect a cancellation must tender the unearned premium.

*Appeal from the Jackson Circuit Court.*—Hon. J. W. Henry, Judge.

Reversed and remanded (*with directions*).

Flournoy & Flournoy and C. O. Tichenor for appellant.

(1) In order to cancel an insurance policy, the insurer is required to do two things: *First*, to give a reasonable notice of cancellation; *second,* to return or tender the insured his unearned *pro rata* premium. Van Valkenburgh v. Ins. Co., 51 N. Y. 465; Griffith v. Ins. Co.; 100 N. Y. 417; Marshall v. Ins. Co., 78 Hun. 83; Lumber Co. v. Ins. Co., 95 Wis. 226; 1 Wood on Fire Ins. [2 Ed.], pp. 288, 290; 1 May on Ins. ,sec. 67 J; Tisdell v. Ins. Co., 32 N. Y. S. 166 (1895), or 11 Misc. R. 20; Marshall v. Ins. Co., 78 Hun. 83; Park Co. v. Ins. Co., 43 S. W. Rep. (Tex.) 1081; Ins. Co. v. Williams, 62 Ark. 382; Caldwell v. Ins. Co., 11 S. C. R. (Can.) 212, cited Beach on Ins., p. 257. (2) An actual surrender of a policy of insurance for cancellation in pursuance of notice to cancel does not not effect a cancellation until the return premium is paid or tendered; and the company is liable for a loss in such event even though the assured after the loss but in ignorance of it accepts the balance of the premium due him. Hollingsworth v. Ins. Co., 45 Ga. 294; Burmord v. Ins. Co., 42 Neb. 598; Poor v. Ins. Co., 2 Fed. Rep. 432; Caldwell v. Ins. Co., 11 S. C. R. (Can.) 212, cited Beach on Insurance, p. 257; Ins. Co. v. Williams, 62 Ark. 382; Ins. Co. v. Rosenberg, 62 Ark. 507; 1 Wood on Fire Ins. [2 Ed.], p. 288. (3) It follows from proposition four, but has also been expressly held, that a promise unexecuted to bring a policy to the office of an insurance agent and

surrender it for cancellation "neither amounts to a valid agreement that the policy should be held and deemed cancelled nor to a waiver of the performance of the conditions on which the right to terminate the risk depends." Hathorn v. Ins. Co., 55 Barb. 28; Columbia v. Ins. Co., 3 Allen (Mass.), 385. See in this connection Rothschild v. Ins. Co., 74 Mo. 41.

FYKE, YATES & FYKE for respondent.

(1) Be this as it may, the provision for five days' notice and for payment of the return premium being provisions for the benefit of the assured, may be waived by the assured, and such waiver may be by any statement or act expressive of such intention. It is not necessary that such act or statement should operate by way of estoppel or be supported by a valuable consideration, as contended by brief of Brother Tichenor. This question is elaborately discussed in Bowen & Smith v. Ins. Co., 69 Mo. App. 272, and the authorities cited by the court in support of its holding, on page 278, are squarely against our learned brother. 2 Biddle on Insurance, sec. 1150. (2) A fire policy may be cancelled independently of the stipulations contained in it, by the mutual parol consent of the parties to it, although the notice be not given in the particular manner provided for therein, and although the return premium be not refunded. Such stipulations, being for the benefit of the insured, may be waived by him. Kirby v. Ins. Co., 13 Lea (Tenn.), 340. (3) If the minds of the parties to the insurance contract have met concerning a cancellation of the same, it is not essential that the premium be returned or tendered, or that notice shall have previously been given. Hillock v. Ins. Co., 54 Mich. 531; Hopkins v. Ins. Co., 78 Iowa, 344; Mut. Co. v. Brecheisen, 50

Ohio St. 542. (4) Where a policy provides, as does this one, that the unearned portion of the premium shall be returned on surrender. of the policy, the payment of the premium to the assured is not necessary to work a cancellation until such policy is actually surrendered to the company. Walthear v. Ins. Co., 37 N. Y. Sup. 857.

ELLISON, J.—This action is based on a policy of insurance insuring the Independence Wool Manufacturing Company against loss by fire. There was a loss and the policy was thereafter assigned to STATEMENT. plaintiff. The defense to the action is cancellation before the expiration of the term of the policy. The plaintiff asked an instruction directing a verdict for it which the court refused. Defendant prevailed.

The policy provided that the insurer might cancel the policy by giving five days' notice to the assured. There was no return, or offer to return, the unearned premium. The evidence relied upon to sustain cancellation was by no means sufficient. It consisted of a conversation between defendant's agent and the president of the woolen mill. The defendant had directed the agent to cancel the policy, or expressed a desire that it should be cancelled. The agent wrote to defendant requesting it to continue the risk. The defendant answered the agent refusing to do so. The agent testified: "I can not tell the exact date when I received this letter at Independence, but I think about the 14th or 15th of February. Following the receipt of this letter I informed Mr. Gudgell (president of the Mill Co.) that they had declined to reconsider their order. That might have been on the 15th or 16th. Mr. Gudgell still insisted that we make other efforts to have the company carry the policy and I

told him I thought it was useless, and therefore would have to cancel the policy. I don't remember his response to that. I had a further conversation with him about the matter on the morning of the 21st of February. That was at my office. I then told him that I would have to take up that policy and refund him the premium, and he then—we talked there a few minutes; I don't remember all the conversation any more than I said to him, 'Well, I will go down to the mill with you and get it.' Mr. Gudgell said to me, 'No.' He said, 'The policy is not at the mill; it is at my house and I will bring it up this afternoon.' After Mr. Gudgell told me he would bring up the policy, I think I made the reply, 'Very well.' He did not bring the policy in. At the time of the loss I couldn't say where the policy was."

The law is that to effect a cancellation there must be an actual cancellation and not a mere intention to cancel. The assured must be informed, not that the policy *will* be cancelled, but that it *is* cancelled. Gardner v. Ins. Co., 58 Mo. App. 611. The effect of a cancellation being an option of one party to bring to an end a contract for the protection of another, the action taken to that end must be unequivocal and not such as may be a subject of misinterpretation. It must not depend upon a future event, but must be a present purpose carried out, so that the policy is cancelled at the time the cancellation could become effective under the contract. Nothing of the kind appears from the evidence quoted. The agent told the president of the company that he "would have to take up that policy and asked him where the policy was, and told him I would go to the mill with him and get the policy, and he says: 'No; it is not at the mill, it is at my residence, and I

*Margin note:* INSURANCE: cancellation: fact v. intention: evidence.

will bring it up this afternoon.'" In this there is no suggestion from either party that the policy was then cancelled. It was but the bare beginning of an effort, which, if proceeded with, would lead to cancellation, if nothing intervened to prevent it. The assured was, under the terms of the policy, entitled to five days' notice before cancellation could take effect and as the fire occurred next day after this conversation the insurer was still liable for the loss under the express terms of the contract, even if the notice of cancellation had been sufficient.

But to avoid this, defendant takes the position that the conversation referred to was an actual cancellation and therefore a waiver of notice. It is difficult to enlarge upon a self-evident proposition, whether it be of error or truth. To say the conversation quoted was a present cancellation is turning the future into the present and making an accomplished fact out of an intention. Defendant's dependence for defense is that the president of the woolen mills promised to bring up the policy for cancellation. But that, instead of proving cancellation, was proof that there was no cancellation. It shows that cancellation was awaiting the production of the policy. Only the preliminaries for cancellation were being arranged. No intimation was given that the notice which the assured was entitled to would be waived, or that the assured should not receive the unearned premium. The evidence wholly fails to establish defendant's position.

Nothing more would be said but for the fact that counsel have discussed another phase of controlling influence on the question of cancellation. ——: return of premium. It relates to a return of the unearned premium. The contract reads that if the policy should be cancelled as provided, "the premium

having been actually paid, the unearned portion shall be returned on surrender of this policy.''

In the rescission of a contract by one party it is a necessary condition precedent to such rescission to place the other party *in statu quo*, to restore to him whatever may belong to him by reason of bringing the contract to an end. This is the general rule as applied to all cases of contract. Cahn v. Reed, 18 Mo. App. 115; Robinson v. Siple, 129 Mo. 220. And within this rule, it has been repeatedly held that before an insurance company can make an effective cancellation it must return or tender the unearned premium. May on Ins., sec. 574; Wood on Ins., sec. 113; Hathorn v. Ins. Co., 55 Barb. 28, 42; White v. Ins. Co., 120 Mass. 330; Lumber Co. v. Ins. Co., 95 Wis. 226; Ins. Co. v. Williams, 62 Ark. 382; Ins. Co. v. Ins. Co., 66 N. Y. 122; Hollingsworth v. Ins. Co., 45 Ga. 294; Ins. Co. v. Sammons, 110 Ill. 166. In this case no attempt was made to do so. No effort was made to ascertain what the unearned premium was, and certainly it will not be pretended that the president of the woolen mill released his claim for that.

But it is said that this particular policy provided that the unearned premium was to be returned ''on the surrender of the policy.'' And as the policy was not surrendered, it was not necessary to return the premium. We think the return of the premium and the surrender of the policy, under the terms of the contract, were concurrent acts; that neither could be demanded without the other. But as defendant was the party seeking cancellation, it was its duty first to have tendered the unearned premium on a surrender of the policy. It then would have done all that the contract required it to do in order to place the assured *in statu quo*. So, for this additional reason, we find the defendant without defense to the action.

For failing to give plaintiff's peremptory instruction the judgment will be reversed and cause remanded with directions to enter judgment for plaintiff for the amount of the policy with interest. All concur.