JAMES F. MALIN, Respondent, v. NETHERLANDS
INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals.   January 26, 1920.

1. **TORNADO INSURANCE:** Cancellation: Intention. A notice of cancellation of a policy of tornado insurance to be effective must notify the assured that the policy is then cancelled. A notice of intention to cancel is not sufficient.

2. ———: Waiver: Receipt of Unearned Premium. Though a notice to cancel a policy of insurance is not sufficient to accomplish cancellation, yet if it is accompanied by a return of the unearned premium which the insured accepts, the policy will be deemed canceled.

3. ———: Five Days' Protection: Count of Time: Exclusion of First Day. A policy of tornado insurance contained a clause for cancellation and for protection for five days from the receipt of notice of cancellation. Notice was received by the insured at 9 o'clock A. M. of the 31st of May, 1917, and the property insured was destroyed at 2 o'clock P. M. of June 5, 1917. It was *held* that in the count of five days' time, May 31st up to midnight should be excluded, and that time ran until midnight of June 5th, thereby covering the time when the property was destroyed.

Appeal from Jackson Circuit Court.—*Hon. Thos. B. Buckner*, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for respondent.

*Hogsett & Boyle* for appellant.

ELLISON P. J.—This action is upon a policy of tornado insurance issued by the defendant company insuring plaintiff's silo in the sum of $575, from the 20th day of August, 1915, at noon to the 20th day of August, 1920, at noon. There was a right reserved to defendant in the policy to cancel it at any time during the five years, by giving notice to plaintiff and refunding unearned premium, but that protection under the

policy should continue five days from plaintiff's receipt of the notice of cancellation. That provision reads as follows: "This Company reserves the right to cancel this policy or any part thereof at any time by giving notice to the insured (or any one of them), and if the premium has been fully paid, refunding the *pro rata* unearned portion thereof. Protection, however, under this policy, if in full force and effect, and the premium has been paid, shall continue five days from the receipt of such notice." Something less than two years after the issuance of the policy, defendant desiring to exercise its right of cancellation, its agent mailed to plaintiff on the 28th day of May, 1917, the following letter: "We have been instructed by the above named insurance company to cancel its policy No. 6384 issued to J. F. Malin, covering silo interest in property located at Lewis, Kansas, and dated the 20th day of August, 1915.

"You will, therefore, take notice that said company desires to cancel said policy, and you will be allowed until the 4th day of June, 1917, at 12 o'clock, noon, to replace the insurance elsewhere, after which time we shall cancel said policy on our books, and all liability of said company under said policy will then cease and determine.

We tender you herewith three dollars and eighty-eight cents, being the unearned premium for the unexpired time of said policy and we request you to return said policy to this office on or before the date mentioned."

The draft enclosed provided on its face that "in consideration of said payment the said policy is hereby cancelled and surrendered." This letter, with draft enclosed, was received by plaintiff at 9 o'clock A. M. of the 31st of May, 1917; and on that day plaintiff forwarded this notice of cancellation to the Columbia Steel Tank Company at Kansas City, who had agreed with him to keep the property insured, informing that Company that he expected a fulfillment of its agreement to keep

the silo insured. That company answered this letter on the 4th of June, 1917, requesting plaintiff to forward to it all papers relating to the policy, including the draft for return premium of $3.88. Plaintiff complied with the request, endorsing the draft "Pay to the Columbia Steel Tank Company," and that company cashed it on the 9th of June, 1917, and the money has not been returned to plaintiff.

The silo was destroyed by storm on the 5th of June, 1917, at 2 o'clock P. M.

On the 11th of June, 1917, plaintiff notified defendant of such destruction. Defendant answered denying liability on the ground of cancellation and return of premium accepted by plaintiff.

The case was tried by the court without the aid of a jury and judgment rendered for plaintiff.

It will be observed that notice of cancellation contained in defendant's letter (through its agent) above set out, is not a notice that the policy was then (on receipt of notice) cancelled, but is a notice that defendant intended to cancel it after the 4th of June, 1917 at noon. A notice of cancellation to be effective must be a present cancellation as distinguished from an intention to cancel at a future day. [Chrisman & Sawyer Bank v. Ins. Co., 75 Mo. App. 310; German Fire Ins. Co. v. Clarke, 116 Md. 622, 626.] An intention is subject to change before the time set and may possibly be withdrawn, whereas a cancellation is a present putting an end to.

But, notwithstanding this, there is nothing in the policy, or the situation of the parties, to prevent the the policy holder from accepting the notice as a present cancellation, and we think he did so accept it. The notice was accompanied by a return of unearned premium which only could be due plaintiff on a cancellation (Taylor v. Ins. Co., 25 Ok. 92), and we have seen that plaintiff accepted such premium. In doing so he necessarily accepted the cancellation. [Aetna Ins. Co. v. Weis-

singer, 91 Ind. 297; Hopkins & Cochran v. Insurance Co., 78, Iowa 344; Arnfeld & Son v. Assurance Co., 172 Pa. 605.]

Notwithstanding the notice purports to end protection on the 4th of June it could not have that effect for plaintiff had protection under the terms of the policy for "five days from the receipt of the notice," of cancellation on the 31st of May, and the question is, did that period reach to the time the silo was destroyed? As just stated, the notice was received by plaintiff at 9 o'clock A. M. May 31st and the silo was destroyed at 2 o'clock P. M. June 5th thereafter. Had the five days' protection expired? We must count the time, as n ordinary instances, by excluding the first and including the last day. Excluding May 31st, protection continued to the end of the 5th of June, which would be midnight of that day, and that was beyond the time when the property was destroyed.

Defendant, however, insists that time should not be counted under the facts in this case as it is ordinarily. That the policy runs five years from noon to noon, that is, from noon of the 20th of August, 1915, to noon of the 20th of August, 1920, and that this fixed a standard of conputation of time from noon to noon—beginning at noon and ending at noon. It is true the ordinary counting of time by excluding the first day is not the rule wheru the contract itself manifests a different intention. But this particular portion of the contract as to cancellation does not manifest an intention from the ordinary rule (Penn Plate Glass Co. v. Ins. Co., 189 Pa. 255). It reads that protection "shall continue five days from the receipt of such notice," of cancellation. That is no different stipulation from the ordinary. All stipulations as to time have a beginning and the word "from" in this contract does not change it. It is said in Installment House v. Berets, 32 Utah, 454, 461, that "in the computation of time, where a period is fixed as commencing 'from' a

named date, as a general rule of construction, the date named will be excluded.''

In the Pennsylvania case cited above, the Supreme Court of that State in a case similar to the one before us, in discussing the proper counting of five days for protection on the cancellation of a policy, said that, ''The application of such a special rule for computation might be extremely inconvenient and doubtful, as for example if goods had been removed in this case to save them from the fire, starting at 10:30 P. M. on April 12, what period should the five days' special protection cover? From noon of the 12th to noon of the 17th would afford the insured less actual time than he was entitled to, while from noon of the 13th to noon of the 18th would give him more. The result would be no more accurate than by the application of the general rule of excluding the first day and counting the days as legal days beginning and ending at midnight. This method, disregarding fractions of a day, is the general rule, and would appear to be the better construction of the policy in suit.''

In 3 Cooley's Briefs on the Law of Insurance, 2795, that view is approved; it being there said that, ''in computing time under a notice of cancellation, the ordinary rule of excluding the first day and regarding the days as beginning and ending at midnight will be applied.''

We therefore conclude that the five days' protective period had not expired at the time the silo was destroyed.

But in addition to the foregoing considerations, we think a familiar rule of construction can well be applied here. If it should be conceded that the computation of the period of time for protection after cancellation is not clearly expressed in the policy as above quoted, it should be most strongly construed against the Company which formulated it. [1 Joyce on Insurance, sec. 221, 222; Sutton v. Insurance Co., 208 S. W. 499.]

The foregoing consideration leads to an affirmance of the judgment. All concur.