**Ronnie HYTEN, Plaintiff-Appellant,**

v.

**CAPE MUTUAL INSURANCE COMPANY, Defendant-Respondent.**

**No. 13141.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 29, 1983.

Dennis P. Wilson, Parson & Wilson, P.C., Dexter, for plaintiff-appellant.

Jeffrey S. Maguire, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for defendant-respondent.

GREENE, Chief Judge.

Plaintiff, Ronnie Hyten, appeals from a circuit court order granting summary judg-

ment to defendant, Cape Mutual Insurance Company, on Hyten's petition for damages occasioned by reason of a fire loss.

Hyten purchased an insurance policy from Cape Mutual, insuring Hyten's mobile home and contents from loss occurring from various calamities, including fire. The policy was for a three-year period, which was from March 11, 1980 to March 11, 1983. The policy provided for annual premium payments, with the due dates being March 11, 1980, 81, and 82. By agreement, defendant permitted Hyten to pay the first year's premium in two installments, with the first being paid at the time the policy was issued, and the second being paid in September of 1980. Approximately 30 days prior to March 11, 1981, defendant notified Hyten by mail that the due date for payment of the next premium in the sum of $71 was March 11, 1981. The notification contained the warning that failure to pay the premium on or before the due date "shall suspend your policy and the company will not be liable for any loss during the suspension."

The premium was not paid, and on March 16, 1981, Hyten was notified by defendant that the policy had lapsed on March 11, 1981, because of non-payment of the premium due. A fire loss to Hyten's mobile home and contents occurred on March 21, 1981. Hyten made a demand on defendant to pay his fire loss in the sum of $6,000. The demand was refused and Hyten brought suit.

After one count of the petition was dismissed, defendant attacked the remaining two counts of the petition, which sought actual and punitive damages by reason of defendant's refusal to pay, via a motion for summary judgment. The motion alleged there was no material issue of fact, and that defendant was entitled to a summary judgment as a matter of law. The motion was accompanied by an affidavit executed by Leon Whitler, president of Cape Mutual, attesting to the facts outlined above. Accompanying the affidavit were copies of the premium due notice, the notice of lapse, the insurance policy, and the bylaws of the company, which provide that failure to pay a premium on the due date after notice has been given renders the policy suspended and void as to the interest of the insured until payment of the premium is made, and that "in no case shall the company be liable to the insured for any loss occurring during such suspension." No verified denial or counter-affidavit of Hyten was filed with the trial court contesting the allegations made in Whitler's affidavit and accompanying documents. The trial court sustained defendant's motion for summary judgment.

■ On appeal, Hyten contends that the trial court erred in granting the summary judgment because Cape Mutual failed to show by unassailable proof that a cancellation or lapse of the policy occurred. Rule 74.04, V.A.M.R., requires that a party seeking summary judgment show, by unassailable proof, that it is entitled to such judgment as a matter of law. However, when a motion for summary judgment is made and supported by affidavits and exhibits, as is the case here, the party resisting the motion may not rest on the mere allegations or denials of his pleading, but must respond by proper affidavit or as otherwise provided by the rule, setting forth specific facts showing there is a genuine issue for trial. Hyten has not done so.

■ Continued payment of premiums by an insured on or before their due date is necessary to continue the policy in force, and the duty of the insurance company to pay benefits under the policy depends upon whether the premiums were paid when due. *Robin v. Blue Cross Hospital Service, Inc.*, 637 S.W.2d 695, 698–699 (Mo. banc 1982). See also *Robertson v. Reliable Life Insurance Company*, 570 S.W.2d 787 (Mo.App. 1978), and *Hampton v. Metropolitan Insurance Company*, 528 S.W.2d 17 (Mo.App. 1975), as authority for the proposition that insurance coverage depends on payment of premiums when due.

■ Hyten did not pay his premium when due, had received notice approximately 30 days before the premium due date that his policy would lapse if the premium was not paid by March 11, 1981, and was

notified that his policy had lapsed by reason of non-payment of premium before the fire in question.

There was unassailable, uncontroverted proof that Hyten's policy had lapsed and he did not come forward in the trial court with specific facts to show that a material issue existed. Hyten's failure to meet his burden of rebuttal made the remedy of summary judgment appropriate. *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 28 (Mo.App.1978).

Judgment affirmed.

CROW, P.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.