Heather BLAIR, by her mother,
Carla SNIDER, Appellant,

v.

PERRY COUNTY MUTUAL INSUR-
ANCE COMPANY and FMH Mutual
Insurance Company, Respondents.

No. SC 85247.

Supreme Court of Missouri,
En Banc.

Nov. 4, 2003.

Matthew J. Devoti, Stephen F. Meyerkord, St. Louis, for Appellant.

A.M. Spradling, III, Cape Girardeau, for Respondents.

DUANE BENTON, Judge.

Heather Blair sued for equitable garnishment of Perry County Mutual Insurance Company and FMH Mutual Insurance Company. The circuit court granted summary judgment to the insurance companies. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Reversed and remanded.

On October 21, 1998, five-year-old Heather Blair fell from a treehouse at her trailer court. The owner of the court, Aileen Fiedler, had contracted for liability insurance. The policy was for a one-year term—April 3, 1998 to April 3, 1999—subject to an amendatory endorsement:

We may cancel this policy or any of its parts by mailing or delivering to the named insured a written notice before the cancellation is to take effect. The notice must be given:

● Not less than 10 days before the cancellation is to take effect when the cancellation is based upon one or more of the following reasons:

a. Nonpayment of premium . . .

. . . .

● Not less than 60 days before the cancellation is to take effect when the cancellation is based on reasons other than those stated above.

The notice of cancellation shall state the reasons for cancellation.

A quarterly payment of Fiedler's insurance premium was due October 3, 1998. On September 14, the insurance company sent a "NOTICE OF PAYMENT DUE" to Fiedler advising **"POLICY VOID IF NOT PAID BY DUE DATE."** Fiedler did not pay the October 3 premium. On October 14, the insurance company sent Fiedler another "NOTICE OF PAYMENT DUE," which stated:

THE COVERAGE ON THIS POLICY HAS LAPSED FOR NON-PAYMENT. NO COVERAGE IS BEING PROVIDED AT THIS TIME.

IF PAYMENT HAS BEEN MADE PLEASE DISREGARD THIS NOTICE.

Blair sued Fiedler for her October 21 injuries. She received judgment for $200,000, after limiting recovery to insurance proceeds. She then sued for equitable garnishment.

■ The insurance companies argue that the policy was cancelled on the date of nonpayment, October 3—before Blair's injuries. She counters that the cancellation did not take effect until at least 10 days after the October 14 notice—after her injuries.

■ Insurance policies are contracts. *Central Surety and Ins. Corp. v. New Amsterdam Casualty Co.,* 359 Mo. 430, 222 S.W.2d 76, 78 (banc 1949). The rules of contract construction govern insurance policies. *Peters v. Employers Mutual Casualty Co.,* 853 S.W.2d 300, 301–02 (Mo. banc 1993). "The more probable and reasonable of two available constructions should be utilized to the exclusion of one which produces a 'redundant, illusory, absurd, and therefore unreasonable' result." *Rathbun v. CATO Corp.,* 93 S.W.3d 771, 781 (Mo.App.2002), quoting *Rouggly v. Whitman,* 592 S.W.2d 516, 521 (Mo.App. 1979).

■ Absent an equitable ground, an insurance policy may be cancelled only: 1) by mutual assent of the parties or, 2)

under the terms of the policy. *MFA Mutual Ins. Co. v. Southwest Baptist College, Inc.,* 381 S.W.2d 797, 801 (Mo.1964). Here, there was no mutual assent to cancellation.

■■■■ The insurance companies interpret the terms of the policy that, once they gave the notice of September 14, they could cancel the policy as of the date of nonpayment. A unilateral cancellation must strictly comply with the policy. *Id.* "There would have to be an unequivocal, unmistakable act of cancellation, not dependent upon some future event, and a mere intention to cancel would not suffice to effect a cancellation under the policy provisions." *Id.* (citations omitted). "A notice of cancellation to be effective must be a present cancellation as distinguished from an intention to cancel at a future day." *Malin v. Netherlands Ins. Co.,* 203 Mo.App. 153, 219 S.W. 143, 144 (1920). "The assured must be informed, not that the policy *will* be cancelled, but that it *is* cancelled." *Chrisman & Sawyer Banking Co. v. Hartford Fire Ins. Co.,* 75 Mo.App. 310, 314 (1898) (emphasis in original).

Here, the September 14 notice did not strictly comply with the policy provisions. The policy may be cancelled if notice is given: "Not less than 10 days before the cancellation is to take effect when the cancellation is based upon ... Nonpayment of premium...." For cancellation to be "based" upon nonpayment, nonpayment must have occurred. This Court has held:

> [T]he proper construction of the cancellation provisions here involved is that the insurer ... cannot cancel unless and until the conditions precedent set forth in the endorsement arise. There having been no default whereon to effect cancellation based on the non-payment provisions of the endorsement, it follows that the attempt so to do was abortive and

wholly ineffectual because premature and unwarranted.

*Cain v. Robinson Lumber Co.,* 365 Mo. 1238, 295 S.W.2d 388, 391 (banc 1956).

The insurance companies propose to give a conditional notice of cancellation at any time, if at least 10 days before cancellation. The companies concede that such anticipatory notice could be weeks, months, or even years before nonpayment. Their interpretation would render the policy provision illusory, absurd, and unreasonable.

The insurance companies invoke the general rule that nonpayment of premium voids a policy. *Hyten v. Cape Mutual Ins. Co.,* 663 S.W.2d 430, 431 (Mo.App.1983); *Shelter Mutual Ins. Co. v. Flint,* 837 S.W.2d 524, 531 (Mo.App.1992). This ends the inquiry in cases like *Hyten* and *Shelter,* where the policy does not require a specific notice of cancellation (in addition to a notice of payment due). Here, the insurance companies amended the policy to require a specific notice of cancellation.

The provision here requires nonpayment, notice, and the passage of 10 days—in that order—before cancellation takes effect. Nonpayment occurred on October 3, 1998. Notice of cancellation was sent on October 14. By the terms of the policy, October 24 is the earliest date that cancellation can take effect. The policy was in effect when Heather Blair was injured on October 21, 1998.

■■■■ An order granting summary judgment is reviewed *de novo. ITT Commercial Fin. Corp. v. Mid.-America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The movant must establish a right to judgment as a matter of law, and the absence of any genuine issue of material fact. *Id.* at 378. The insurance companies are not entitled to judgment as a matter of law. The judgment of the

circuit court is reversed, and the cause remanded.

WHITE, C.J., WOLFF, LAURA DENVIR STITH, PRICE and TEITELMAN, JJ., concur.

LIMBAUGH, J., dissents in separate opinion filed.

STEPHEN N. LIMBAUGH, JR., Judge, dissenting.

I respectfully dissent.

In my view, the majority misconstrues what I perceive to be unambiguous terms for cancellation of the insurance policy. For convenience, those terms are restated:

> We may cancel this policy or any of its parts by mailing or delivering to the named insured a written notice before the cancellation is to take effect. The notice must be given:
>
> • Not less than 10 days before the cancellation is to take effect when the cancellation is based upon one or more of the following reasons:
>
>   a. Nonpayment of premium . . .
>
>   . . . .
>
> • Not less than 60 days before the cancellation is to take effect when the cancellation is based on reasons other than those stated above.
>
> The notice of cancellation shall state the reasons for cancellation.

According to these provisions, cancellation may be effected on nonpayment of the quarterly premium, provided that the insurance company notifies the policyholder at least ten days before the cancellation is to take effect that the policy will indeed be canceled for nonpayment of the premium. Further, and of critical importance, there is nothing in the policy language that precludes the insurance company from giving notice that the day the cancellation is to take effect is the day immediately after the premium is due, if unpaid. In other words, with adequate notice, cancellation can occur immediately after nonpayment. Any other reading of the policy provisions is unfathomable. Therefore, I beg to differ that "the September 14 notice did not strictly comply with the policy provisions." The policy was canceled because, consistent with this Court's holding in *Cain v. Robinson Lumber Co.*, 365 Mo. 1238, 295 S.W.2d 388, 391 (banc 1956), "the conditions precedent set forth in the endorsement [did] arise": Notice of cancellation was given "[n]ot less than 10 days before the cancellation [was] to take effect when the cancellation [was] based upon . . . [n]onpayment of premium." Somehow, unfortunately, the majority reads into the insurance policy a requirement that the notice of cancellation cannot be given until after nonpayment, thus converting the ten-day notice requirement into a post-nonpayment notice requirement with a ten-day grace period thereafter.

The majority's stated concern is that under the insurance company's interpretation, notice could be given "weeks, months, or even years before nonpayment . . . [and] render the policy provision illusory, absurd, and unreasonable." Although the majority does not explain the position, I take it to be that notice weeks, months, or years before payment is due is probably so ineffectual that it is no notice at all; therefore, the purpose and scope of the notice requirement must be something else: namely, that notice may be given only after the event of nonpayment. This analysis, however, does not take into account that the policy is set up for quarterly premiums so that the notice must be is-

sued within the calendar quarter that the premium is due, a fact that obviates most of the concern about efficacy of the notice. In that regard, at least one case, *Hyten v. Cape Mutual Ins. Co.*, 663 S.W.2d 430, 431–32 (Mo.App.1983), has held that notice a full thirty days before cancellation is nonetheless adequate and appropriate. In any event, though in this case it is clear that notice was indeed given just a few days more than ten days before the payment due date, I am unwilling to hold that notice given even three months in advance is necessarily illusory, absurd, and unreasonable. After all, the policyholder knows from the start that he or she is obligated to pay premiums quarterly and that in the event of nonpayment, the company may cancel the policy.

I am also unpersuaded by the majority's citation to the several cases holding that cancellation "[cannot] [be] dependent upon some future event," and that "[a] notice of cancellation to be effective must be a present cancellation as distinguished from an intention to cancel at a future day." These are essentially default rules that apply in the absence of contractual provisions to the contrary. They do not preclude the parties from contracting differently for cancellation, so long as the contractual provisions do not violate applicable statutes. *See Douthet v. State Farm Mut. Auto. Ins. Co.*, 546 S.W.2d 156, 157 (Mo. banc 1977). Indeed, it is well-settled that:

> Policy provisions for cancellation, unless in conflict with the terms of an applicable statute, are valid.... An unequivocal agreement contained in a policy, by which either party may cancel the contract, is binding between the parties, for the parties to a contract of insurance validly may contract as they please with respect to cancellation.

*Reliance Insurance Company v. Echols*, 602 S.W.2d 883, 887 (Mo.App.1980) (quoting Couch on Insurance sec. 67:45, at 417–18 (2d ed.1959)); *see also* 43 Am.Jur.2d *Insurance* sec. 410 (2003).

Additionally, the majority's cited cases are factually distinguishable because the issue of cancellation arose in a completely different context than nonpayment of a premium. In *MFA Mutual Ins. Co. v. Southwest Baptist College, Inc.*, 381 S.W.2d 797, 802 (Mo.1964), this Court found that Southwest intended to cancel its MFA policy, but never actually communicated that intention to MFA, and thus held that intent to cancel is not the same as actual cancellation. In *Malin v. Netherlands Ins. Co.*, 203 Mo.App. 153, 219 S.W. 143, 144 (1920), the court held that even though cancellation cannot be dependent upon some future event, cancellation was nonetheless effected when the insured received notice of future cancellation and accepted a refund of premium. Finally, in *Chrisman & Sawyer Banking Co. v. Hartford Fire Ins. Co.*, 75 Mo.App. 310, 316 (1898), the court held that a purported oral cancellation by the insurance agent did not operate to cancel the policy because cancellation could only occur in compliance with the contractual provision requiring a physical exchange of the policy for a refund of unearned premium.

A more apt case from the modern era is *Hyten v. Cape Mutual Ins. Co.* In *Hyten*, as noted, the insurer mailed a notification of the premium due thirty days prior to the due date. The notification warned the insured that the policy would be suspended if the premium was not paid on or before the due date. Hyten did not pay the premium due, and he later received notification that the policy had lapsed due to his nonpayment. *See* 663 S.W.2d at 431. The

court found "unassailable, uncontroverted proof that Hyten's policy had lapsed...." *Id.* at 432. Here, the majority blithely rejects the insurer's nearly identical contractual ability to cancel the policy upon Ms. Fiedler's failure to make the premium payment.[1] Courts, however, do not have the authority to reject or rewrite the contractual provisions of insurance contracts, even if the outcome seems to "operate harshly or inequitably as to one of the parties...." *Moskowitz v. Equitable Life Assurance Soc. of the U.S.,* 544 S.W.2d 13, 20 (Mo.1976) (citing *Prange v. International Life Ins. Co. of St. Louis,* 329 Mo. 651, 46 S.W.2d 523, 526 (1931)).

For these reasons, I would hold that the notice was more than adequate to meet the contractual requirement of the policy, that Ms. Fiedler should have reasonably understood that nonpayment of her premium resulted in cancellation of the policy, and that coverage ended on October 3 as provided in the September 14 notice. Accordingly, I would affirm the judgment of the trial court.

---

1. The majority's assertion that the policy in *Hyten* "[did] not require a specific notice of cancellation" is simply incorrect. The policy provided that:

   The insured shall be sent a written or printed notice requiring the payment of such premium or assessment not less than fifteen days before the date on which the premium or assessment is due.... Neglect or failure to pay a premium or assessment on due date after notice has been given shall, without further notice, render the policy suspended and void as to the interest of the insured.... The notice of premium or assessment shall contain a statement to this effect....