*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WESLEY ZOO YANG and VIENGKHAM
MOUALOR,

       Plaintiffs-Appellees,

v

EVEREST NATIONAL INSURANCE
COMPANY,

       Defendant-Appellant,

and

MOTORIST MUTUAL INSURANCE
COMPANY,

       Defendant-Appellee.

FOR PUBLICATION
August 27, 2019
9:00 a.m.

No. 344987
Wayne Circuit Court
LC No. 17-018062-NF

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

SHAPIRO, P.J.

Defendant Everest National Insurance Company (Everest) sent plaintiff Wesley Yang (Yang) a bill requesting a premium payment for his no-fault insurance policy and informing him that the policy would be cancelled if payment was not received by the due date. Yang did not make the payment and he and his wife, plaintiff Viengkham Moualor, were subsequently injured in a pedestrian-automobile accident. Plaintiffs sought coverage under the policy, and Everest argued that it effectively cancelled the policy. The trial court disagreed and denied Everest's motion for summary disposition.

Everest appeals by leave granted. At issue in this case is whether an insurer may cancel a policy by sending the statutorily required "notice of cancellation" to the insured before the grounds for cancellation have occurred. We hold that such notice does not satisfy the Insurance Code, MCL 500.100 *et seq.*, and is therefore ineffective to cancel the policy. Accordingly, we affirm the trial court.

-1-

## I. BACKGROUND

On September 26, 2017, Yang made the first premium payment on a six-month policy issued by Everest. The policy term was from September 26, 2017, to March 26, 2018, and the subject accident occurred during that term. As required by MCL 500.3020, the policy included a cancellation provision that stated in pertinent part:

> This Policy may be canceled during the policy period as follows:
>
> * * *
>
> 2. We may cancel by mailing you at the address last known by us or our agent:
>
> a. at least 10 days notice by first class mail, if cancellation is for non-payment of premium[.] [Bolding removed.]

On October 9, 2017, Everest mailed Yang a bill for the second premium installment payment that contained a notice of cancellation for nonpayment of the premium. The document informed Yang that he must pay the premium by October 26, 2017. It stated that the failure to pay that amount by the due date "will result in the cancellation of your policy with the indicated Cancellation Effective Date," October 27, 2017. (Italics removed). Thus, the document provided that if the premium payment was not received by October 26 the policy would be cancelled effective the next day. It also stated that the cancellation notice did not apply if the bill was paid by the due date.

On October 30, 2017, Everest, having not received the premium payment, sent Yang an offer to reinstate the policy. It informed Yang that his insurance was cancelled as of October 27, 2017, because it did not receive the premium payment by the due date. The letter informed Yang that he could reinstate the "policy with a lapse in coverage" if it received payment by November 26, 2017.

Yang sent a payment for the premium on November 17, 2017, and Everest reinstated the policy effective on that date. The notice of reinstatement informed Yang that there was a lapse in coverage from October 27, 2017 to November 17, 2017.

The accident in which plaintiffs were injured occurred on November 15, 2017, two days before Yang made the premium payment.[1] Plaintiffs filed this action to recover benefits, and Everest moved for summary disposition. It argued that plaintiffs are not entitled to benefits under the policy because the policy was cancelled before the accident occurred. Everest asserted that the policy's cancellation provision was not inconsistent with MCL 500.3020. It argued that the policy provided that it could cancel the policy upon 10 days' notice for nonpayment of the

---

[1] Plaintiffs were struck by a car while walking across a street.

premium and asserted that it had complied with this by sending the notice of cancellation for nonpayment of the premium even before the nonpayment occurred.

Defendant Motorist Mutual Insurance Company (Motorist) insured the driver of the vehicle that struck plaintiffs. It filed an answer to the motion for summary disposition challenging the notice of cancellation sent by Everest. Motorist argued that the 10-day notice of cancellation cannot be triggered before the due date for payment of a premium passes without such payment. Motorist contended that Everest was required to wait until Yang defaulted on his premium payment before mailing the 10-day notice of cancellation and that because Everest failed to wait, the policy was not effectively cancelled.

At the motion hearing, it was undisputed that plaintiffs failed to pay their insurance premium on time. But the trial court relied on an unpublished case from this Court[2] to hold that that a notice of cancellation is not valid unless sent after nonpayment occurs. Accordingly, the court entered an order denying Everest's motion for summary disposition. In that order, the court stated that Everest is the highest priority insurer for the payment of benefits to plaintiffs and dismissed Motorist. The court denied Everest's motion for reconsideration.

## II. ANALYSIS

Everest's primary argument on appeal is that neither MCL 500.3020 or its policy required it to wait for nonpayment of premium before it could properly send a notice of cancellation. We disagree. For the reasons discussed below, Everest's preemptive cancellation notice to Yang did not constitute a notice of cancellation under MCL 500.3020(b)(1).[3]

The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *Gleason v Kincaid*, 323 Mich App 308, 317-318; 917 NW2d 685 (2018). To do so, we interpret the words, phrases, and clauses in a statute according to their ordinary meaning. See *State News v Mich State Univ*, 481 Mich 692, 699-700; 753 NW2d 20 (2008). "[W]here the statutory language is clear and unambiguous, the statute must be applied as written." *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). "Insurance laws and policies are to be liberally construed in favor of policyholders, creditors, and the public." *Depyper v Safeco Ins Co of America*, 232 Mich App 433, 441; 591 NW2d 344 (1998).

MCL 500.3020 governs the cancellation of insurance policies. It provides in pertinent part:

---

[2] *Wilson v Titan Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued April 28, 2016 (Docket No. 326295).

[3] We review a trial court's decision to deny summary disposition de novo. See *Dressel v Ameribank*, 468 Mich 557, 561, 664 NW2d 151 (2003). We also review de novo questions of statutory interpretation. *New Props, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 138; 762 NW2d 178 (2009).

(1) A policy of casualty insurance, except worker's compensation and mortgage guaranty insurance, including all classes of motor vehicle coverage, shall not be issued or delivered in this state by an insurer authorized to do business in this state for which a premium or advance assessment is charged, unless the policy contains the following provisions:

* * *

(b) Except as otherwise provided in subdivision (d), that the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a not less than 10 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time.

We have interpreted MCL 500.3020 as imposing procedural requirements that the insurer must follow to cancel a policy. See *Murphy v Seed-Roberts Agency, Inc*, 79 Mich App 1, 8-9; 261 NW2d 198 (1977) (concluding that MCL 500.3020 provides the "minimum procedural steps for cancellation" of a policy). Consistent with that ruling, in *Nowell v Titan Ins Co*, 466 Mich 478, 484; 648 NW2d 157 (2002), the Supreme Court looked to "the statute," i.e., MCL 500.3020(1)(b), to determine what actions the insurer must take for a notice of cancellation to be effective. The implication is clear: MCL 500.3020(b)(1) does not merely require that the insurer include a cancellation provision in the policy, it also imposes an affirmative duty on the insurer to comply with the notice requirements found in the statute. Thus, it is for the courts to decide what constitutes a notice of cancellation for purposes of MCL 500.3020(b)(1).

The majority of appellate courts that have addressed this issue have held that a notice of cancellation is ineffective when sent before the premium payment is due.[4] Some cases hold that

---

[4] See *Vietzen v Victoria Auto Ins Co*, 2014-Ohio-79, 9 NE3d 500, 504-506 (Ohio App, 2014); *Mackey v Bristol West Ins Servs of Cal, Inc*, 105 Cal App 4th 1247, 1257-1266; 130 Cal Rptr 2d 536 (2003); *Equity Ins Co v City of Jenks*, 184 P3d 541, 544-545; 2008 OK 27 (2008); *Blair By Snider v Perry Count Mut Ins Co*, 118 SW3d 605, 607 (Mo, 2003); *Conn v Motorist Mut Ins Co*, 190 W Va 553; 439 SE2d 418, 420-423 (1993); *Auto Club Ins Co v Donovan*, 550 A2d 622, 623-624 (RI, 1988); *Pennsylvania Nat Mut Cas Ins Co v Person*, 164 Ga App 488; 297 SE2d 80, 82 (1982); *Hart v MFA Ins Co*, 268 Ark 857; 597 SW2d 105, 107-109 (App, 1980); *Travelers Ins Co v Jenkins*, 285 So2d 839, 844 (La App, 1973). See also 2 Couch, Insurance, 3d § 31:6, p 19 ("[E]ffective notice of cancellation for nonpayment of premiums cannot be given until the time for making payment of the premium has expired."). "Although not binding, authority from other jurisdictions may be considered for its persuasive value." *Estate of Voutsara by Gaydos v Bender*, 326 Mich App 667, 676; 929 NW2d 809 (2019). We are aware of two appellate courts reaching the opposite conclusion—holding that a notice of cancellation sent before the premium due date is effective; there were dissents in both cases. See *Yacko v Curtiz*, 339 Ill App 3d 299; 789 NE2d 1274 (2003); *Munoz v New Jersey Auto Full Ins Underwriting Ass'n*, 145 NJ 377; 678 A2d 1051 (1996).

such notice does not satisfy the state's respective notice statute, while others hold that the notice is ineffectual under the terms of the insurance policy. But the underlying rational for many of the decisions is the same. "For cancellation to be 'based' upon nonpayment, nonpayment must have occurred." *Blair By Snider v Perry Count Mut Ins Co*, 118 SW3d 605, 607 (Mo, 2003). Thus, when a notice of cancellation is sent before nonpayment of premium, it is not informing the insured that the policy is cancelled, but rather that cancellation is contingent upon a "future event." *Conn v Motorist Mut Ins Co*, 190 W Va 553; 439 SE2d 418, 420-421 (1993). Put differently, "a notice of cancellation which states that a policy will be cancelled on a specified date unless premiums due are sooner paid, is not a notice of cancellation, but merely a demand for payment." *Travelers Ins Co v Jenkins*, 285 So2d 839, 843 (La App, 1973).

We find this reasoning persuasive. For a cancellation to take place, the event triggering the right to cancel must have taken place first. In this case, the event that allowed for cancellation occurred on the date of nonpayment. Therefore, it is only after the nonpayment that the insurer may properly notify the insured of cancellation. In other words, it is not sufficient that the insurer warn the insured that a future failure to pay the premium will result in cancellation; rather, it must advise the insured that, because of an already-occurred failure to pay, the policy will be cancelled in ten days. This reasoning is consistent with the Michigan Supreme Court's understanding of MCL 500.3020. The Court has explained that

> [t]he obvious objective of [MCL 500.3020] is to make certain that all of those who are insured under a policy are afforded a period of time, ten days, either to satisfy whatever *concerns have prompted cancellation* and thus revive the policy or to obtain other insurance, or simply to order their affairs so that the risks of operating without insurance will not have to be run. [*Lease Car of America, Inc v Rahn*, 419 Mich 48, 54; 347 NW2d 444 (1984) (emphasis added).]

Significantly, the Court did not refer to "concerns that could or would prompt cancellation" at some future date, but to concerns that "have prompted cancellation." And in this case, the concern that prompted cancellation was not the fact that the premium was shortly coming due, but the actual failure to pay it when it was due. It was only at that point that the insured could be afforded the required ten days' notice to cure the reason for cancellation.

We must also construe statutes reasonably, "keeping in mind the purpose of the act, and to avoid absurd results." *Rogers v Wcisel*, 312 Mich App 79, 87; 877 NW2d 169 (2015). Taken to its logical conclusion, Everest's position would allow insurance companies to give a notice of cancellation far in advance of premium payment dates. For instance, after the policy is issued the insurance company could send a cancellation notice stating that failure to make timely premium payments by the listed due dates will result in next-day cancellation of the policy. This would be at odds with the statute's purpose to allow a post-notice opportunity to address the reason for cancellation, and could readily lead to absurd results.[5]

---

[5] As the Missouri Supreme Court aptly reasoned:

Everest also argues that its offer to reinstate the policy functioned as a valid notice, and therefore plaintiffs' coverage was still properly cancelled. On October 30, 2017, Everest sent Yang an offer to reinstate a policy. But this offer was not presented as a notice of cancellation, nor does it contain the statutorily required warning that a person may not operate an uninsured vehicle. See MCL 500.3020(6). And the lack of that warning renders a cancellation notice ineffective. *Depyper*, 232 Mich App at 441. For those reasons, Everest's offer to reinstate the policy is insufficient to constitute a notice of cancellation.

In sum, issuance of a notice of cancellation necessarily requires that the grounds for cancellation have occurred before the notice is issued. That is the most natural reading of that phrase, as confirmed by the vast majority of appellate courts that have addressed this issue. We see no basis to conclude that the Legislature intended to depart from that ordinary meaning and to allow insurers to provide the statutorily required notice on the mere possibility that the insured might not make a premium payment. For those reasons, we hold that a notice of cancellation sent before the time for making the premium payment has passed does not satisfy MCL 500.3020(1)(b).

Affirmed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher

---

The insurance companies propose to give a conditional notice of cancellation at any time, if at least 10 days before cancellation. The companies concede that such anticipatory notice could be weeks, months, or even years before nonpayment. Their interpretation would render the policy provision illusory, absurd, and unreasonable. [*Blair By Snider*, 118 SW3d at 607.]